DAVID ROSS, PLAINTIFF IN ERROR v. CHARLES M'LUNG, DEFENDANT IN ERROR.

Construction of the act of the legislature of North Carolina, concerning the registration of deeds, passed in 1715.

The questions which grow out of the language of this act, so far as they have been settled by judicial decisions, cannot be disturbed by this court. Whatever might have been their opinion in this case had it remained open for consideration, the peace of society, and the security of titles require that the court should conform to the construction which has been made in the courts of the state; if it can discover what that construction is.

In the probate of deeds, the court has a special limited jurisdiction; and the record should state facts which show its jurisdiction in the particular case. If this rule be disregarded, every deed admitted to record, on whatever evidence, must be considered as regularly admitted.

ERROR to the circuit court of the United States for the district of East Tennessee.

This was an action of ejectment instituted in the circuit court by the plaintiff in error, for the recovery of five thousand acres of land, situate in the district of East Tennessee.

On the trial of the cause, the plaintiff excepted to the opinion of the court in rejecting certain evidence offered by him in support of his title from the original grantor, Stockley Donelson, holding under a patent from the state of North Carolina. The court refused to admit the deed of conveyance to the plaintiff, on the ground that the same was not registered according to the provisions of the law.

The bill of exceptions, containing the matters offered in evidence and rejected by the court, is stated in the opinion of the court.

The case was argued by Mr Polk, for the plaintiff in error; and by Mr White, for the defendant.

For the plaintiff it was contended, that the circuit court erred:

1. In not permitting the deed of conveyance from Stockley Donelson and John Hackett to David Ross, the lessor of the plaintiff, to be read to the jury, on the certificates of probate and registration indorsed on said deed.

[Ross v. M'Lung.]

2. In not permitting parol testimony to be given to the jury, to prove that said deed of conveyance had been duly proven in the court of pleas, &c. for Hawkins county, according to the provisions of the law of that state.

3. In not permitting said deed to be read in evidence, without either certificate of probate or parol evidence of its having been duly proven; as it had been on record in the register's office for more than thirty years.

Mr Chief Justice MARSHALL delivered the opinion of the Court.

This was an ejectment brought by the plaintiff in error in the court of the United States for the seventh circuit and district of East Tennessee.

At the trial the plaintiff gave in evidence a patent from the state of North Carolina to Stockley Donelson, which covered the land in controversy. He then offered a deed of conveyance from the said Stockley Donelson and John Hackett to David Ross, the lessor of the plaintiff, for five thousand acres, being the same land contained in the aforesaid grant, which deed of conveyance is dated the 9th day of September 1793, and is witnessed by Walter King, Thomas N. Clark, and Meriwether Smith; and of which deed of conveyance a copy was annexed, and made a part of the bill of exceptions; and on the back of said deed is the following indorsement of probate and registration, viz.

December sessions, 1793. This deed was proven in open court, and ordered to be recorded. RICHARD MITCHELL, Clerk.

This conveyance is registered 27th December 1793, in liber G, page 127, in the register's office of Hawkins county. THOMAS JACKSON, C. R.

State of Tennessee. At a court of pleas and quarter sessions began and held for the county of Hawkins, at the court-house in Rogersville, on the second Monday of December 1793. Present, Thomas Henderson, Isaac Lane, James Berry, and Thomas Amey, Esquires. A deed of conveyance from Stockley Donelson and John Hackett to David Ross, proved in open court by M. Smith that he saw Donelson sign for himself, and signed as attorney for Haget, and ordered to be registered.

[Ross v. M'Lung.]

State of Tennessee. I, Stockley D. Mitchell, clerk of the court of pleas and quarter sessions of Hawkins county, in the state aforesaid, do certify the foregoing to be a true copy from the records of my office. Given under my hand, at office in Rogersville, this 16th day of October, A. D. 1828. STOCKLEY D. MITCHELL, Clerk of the Court of Pleas, &c. for Hawkins county, Tennessee.

To the reading of which deed of conveyance on the probates and registration aforesaid, the defendant objected, and the court sustained the objection, and would not permit said deed to be read. Plaintiff then offered to prove by Meriwether Smith, who was one of the subscribing witnesses to said deed, that he proved the execution of said deed in the court of pleas and quarter sessions for Hawkins county, at December sessions of said court, in the year 1793; and plaintiff also offered to prove by Mitchell, whose name was subscribed to the probate on the back of said deed, that he, Richard Mitchell, was the clerk of the court of pleas and quarter sessions for Hawkins county in the year 1793; and that the foregoing deed was the one proved by Meriwether Smith, the subscribing witness thereto, at December term of said court, in the year 1793; but the court would not permit said proof to be given in support of the probate of said deed.

Plaintiff offered to prove further, that said deed and grant covered the land sued for, and that Anne Hackett, the defendant, was in possession at the time of the institution of this suit; but said proof was rejected by the court. The jury found a verdict for defendant, and lessor of the plaintiff moved for a new trial, and produced and read the affidavit of Thomas Hopkins, trustee, annexed, marked C; but the court refused a new trial.

*Note.*—While the cause was before the jury, plaintiff offered to read a grant from the state of North Carolina to Stockley Donelson and John Hackett, for five thousand acres of land, dated the 22d day of February 1795; which last mentioned grant also covered the land in dispute; which grant the court considered as read to the jury.

The jury found a verdict for the defendant, the judgment on which is brought before this court by a writ of error.

The plaintiff contends that the instructions given by the court are erroneous, and that the deed from Donelson and Hackett to Ross ought to have been admitted.

In the year 1715, the state of North Carolina passed an act concerning the registration of deeds, the fifth section of which is in these words, "no conveyance or bill of sale for lands other than mortgages, in what manner soever drawn, shall be good and available in law, unless the same shall be acknowledged by the vendor, or proved by one or more evidences on oath, either before the chief justice or in the court of the precinct where the land lieth, and registered by the public register of the precinct where the land lieth, within twelve months after the date of the said deed; and that all deeds so drawn and executed shall be valid and pass estates in land or right to other estate, without livery of seisin, attornment or other ceremony in the law whatsoever."

Under this act two requisites are essential to the validity of a deed:—probate; and registration in the precinct or county in which the land lies. The proof which shall be sufficient to establish these requisites, is not prescribed by the act with such precision as to exclude difference of opinion respecting it. But the questions which grow out of the language of the act, so far as they have been settled by judicial decisions, cannot be disturbed by this court. Whatever might have been our opinion on the case, had it remained open for consideration, the peace of society and the security of titles require that we should conform to the construction which has been made in the courts of the state, if we can discern what that construction is.

The plaintiff contends that the deed ought to have been admitted on the certificates of probate and registration indorsed on it. First, the certificate of probate. It is in these words, "December session, 1783. This deed was proven in open court and ordered to be recorded."

The act requires that the deed should be acknowledged by the vendor, or proved by one or more witnesses in the court of the county in which the land lieth.

It appears to be universally understood that the proof ought to be made by a subscribing witness to the deed; and certainly an instrument to which there are subscribing witnesses ought

to be proved by some one of them, if any one be living. The fact, too, to which the witness testifies ought to be stated on the record, that a judgment may be formed on its sufficiency. The order of the court that it should be recorded does not, the defendant contends, cure this defect. The court proceeds ex parte, in a summary manner, and the correctness of its proceedings ought to appear on the record. Its judgment is not presumed to be right as when acting in a regular course.

In Knox v. Bowman's Lessee, decided in the supreme court of Tennessee, at Knoxville, on exceptions taken in the inferior court, a question arose on the probate of a deed indorsed thus, "State of Tennessee, Washington county. At a court held for the county of Washington on the first Monday of November 1789, the within deed of conveyance from Bradley Gamble to Michael Massingile was proved in court by the oath of Starns. Given under my hand, at office 27th of November 1819. JAMES SEVIER, Clerk."

This deed was admitted. On considering the exception taken to its admission, the court observed, " the clerk should have given a copy from the minute-book verbatim, and not a history of what had taken place; because the court, and not he, must judge of the conclusions which are proper to be made from the naked fact appearing on the record book. Had an exact copy been given, the court should have presumed, after such a lapse of time, at least until the contrary were shown, that Starns was a subscribing witness." The court added, " where enough is stated by the clerk to show that a witness was sworn, or that the deed was acknowledged by the bargainor, however informally or unscientifically the clerk may have expressed the fact, the legality of the probate or acknowledgement should be enforced, and such old probate should be presumed to have been made in the proper county until the contrary appear."

The general principles laid down by the court in the last sentence, show that every reasonable presumption will be made to support an ancient probate where the entry has been informal or unscientific; but the decision on the particular point seems applicable to the very case before the court. The clerk certifies that the deed was proved by the oath of Starns. This is undertaking to know what in point of law is proof,

and to certify his conclusion instead of stating the fact which the witness did prove, so as to enable the court to draw the inference of law from it. So in this case; instead of stating the fact to which the witness testified, the clerk certifies that the deed was proved. This, according to the decision in the case cited, is a legal inference which the court alone could draw from the fact as certified.

In the same case a deed was offered from Gales to the lessor of the plaintiff, indorsed thus. "February session 1802. This deed was legally admitted to record." The court allowed this deed also to be given in evidence, and an exception was taken to its admission. In commenting on this opinion the supreme court observed, "it is not said in what county, nor upon what ground, whether because proved by witnesses, or acknowledged by the bargainor, or for some other cause."

Both these exceptions were sustained, and the judgment of the inferior court was reversed. The ground of reversal appears to be, that the certificate of probate stated the legal inference, without stating the fact from which that inference was drawn. In the one case it was stated that the deed was proved in court by the oath of Starns; in the other that it was legally admitted to record. If legally admitted, it could not be material to inquire whether it was admitted on the acknowledgement of the vendor, or the proof of witnesses. The error, therefore, must be, that the conclusion to which the court came is indorsed on the deed, and not the fact which led to that conclusion. In the probate of deeds, the court has a special limited jurisdiction; and the record should state facts which show its jurisdiction in the particular case. If this rule be disregarded, every deed admitted to record, on whatever evidence, must be considered as regularly admitted.

The counsel for the plaintiff has endeavoured to cure this defect in the indorsement on the deed, by a distinct entry made in Hawkins county court, at the same session of December 1793. That entry is in these words. "At a court of pleas and quarter sessions began and held for the county of Hawkins, at the court house in Rogersville, on the second Monday of December 1793. Present, Thomas Henderson, Isaac Lane, James Berry and Thomas Amey, Esquires. A deed of conveyance from Stockley Donelson and John Hackett, to David Ross, proved

[Ross v. M'Lung.]

in open court by Mr Smith, that he saw Donelson sign for himself, and signed as attorney for Haget, and ordered to be registered."

"State of Tennessee. I, Stockley D. Mitchell, clerk of the court of pleas and quarter sessions of Hawkins county, in the state aforesaid, do certify the foregoing to be a true copy from the records of my office. Given under my hand at office in Rogersville, this 16th day of October A. D. 1828. STOCKLEY D. MITCHELL, Clerk of the Court of Pleas, &c. for Hawkins county, Tennessee.

The difficulty of applying this certificate to the deed offered in evidence, is insurmountable. The deed offered in evidence purports to have been executed by Stockley Donelson and John Hackett, each for himself, and not by attorney. The probate indorsed on the deed, represents it to have been so executed. The entry certified by Stockley D. Mitchell in 1828, shows the probate of a deed executed by Stockley Donelson for himself, and as attorney in fact for John Hackett. They cannot be presumed to be the same. Stockley Donelson and John Hackett may have conveyed more than one tract of land to David Ross: and it is not at all improbable that Meriwether Smith may have witnessed both deeds.

An attempt has been made to reconcile this incompatibility, by parol testimony. Richard Mitchell, who was clerk of the court for Hawkins county in the year 1793, was offered as a witness, to prove that the deed now offered in evidence was the one proved by Meriwether Smith, the subscribing witness thereto, at December term 1793, but the court would not permit this proof to be given in support of the deed; and to this opinion, also, an exceptio was taken.

This is an attempt by parol testimony to vary a record. It is an attempt to prove by the officer of the court, that his official certificate of probate, indorsed on the deed, did not conform to the true state of the proof. This is in such direct opposition to the settled rules of evidence, as to render it unnecessary to remark the danger of trusting to memory in such a case after a lapse of thirty-five years.

There are other objections to the admission of this certificate which would require very serious consideration, if it were necessary to decide them. It is questioned whether the order

[Ross v. M'Lung.]

made on the second Monday of December 1793, even if it related to the deed under which the plaintiff claims, could be given in evidence, as it was not indorsed on the deed or registered with it. The plaintiff's counsel has cited several acts of assembly, which are supposed to settle this point in his favour. It was fully considered in the case of Minick's Lessee v. Hodges, Brown and others, decided in the supreme court of Tennessee, in July 1831. A decision on it is unnecessary, because the court is satisfied that the order must relate to a different deed.

We are of opinion that there is no error in the opinions given by the circuit court. The judgment is affirmed, with costs.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of East Tennessee, and was argued by counsel; on consideration whereof, it is adjudged and ordered that the judgment of the said circuit court in this cause be, and the same is hereby affirmed, with costs.