## WHELESS *v.* ST. LOUIS *et al.*

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

No. 161. Argued and submitted January 31, February 1, 1901.—Decided February 25, 1901.

When owners of lots in a city file a bill to restrain the assessment against them of the costs and expenses of improving a public street, on which the lots abut, the matter in dispute is the amount of the assessment levied, or which may be levied, against the lot or lots of each of the complainants respectively.

And in such circumstances no distinction can be recognized between a case where the assessment has not in fact been made, and a case where it has already been made.

As neither one of these complainants will be required to pay two thousand dollars in respect of lots involved, the decree of the Circuit Court dismissing the bill for want of jurisdiction is affirmed.

IN this case the jurisdiction of the Circuit Court was in issue, and the question of jurisdiction was certified.

The question was whether the matter in dispute exceeded, exclusive of interest and costs, the sum of two thousand dollars. The Circuit Court held that jurisdiction did not exist, and dismissed the bill. 96 Fed. Rep. 865.

The suit was brought by Joseph Wheless and others against the city of St. Louis, the president of the Board of Public Im-

provements of that city, and the Gilsonite Roofing and Paving
Company, to restrain the city and the board from levying or
assessing the costs and expenses of improving a public street
whereon complainants' property abutted, against the property,
and to enjoin the paving company from demanding or receiv-
ing from the city any special tax bills issued therefor. The
certificate of the Circuit Court states the facts thus:

"That the above entitled cause came on to be heard by the
court at, to wit, the September, 1899, term of the court, upon
the application for a temporary injunction, as prayed in the
bill, it being alleged in said bill that complainants are severally
the owners of certain and nearly all the lots of land abutting
on Whittier street, between Washington boulevard and Finney
avenue, in the city of St. Louis; that the defendant city, acting
under the provisions of its charter and ordinances, had entered
into a contract with the defendant paving company to improve
said street in front of complainants' property, and said company
was engaged in doing the work, which was a public improve-
ment; that the cost of making said improvement is, according
to the terms of said charter, ordinance, and contract, a charge
upon complainants' abutting property, and is about to be levied
and assessed against it as a special tax, according to the front-
age of said lots on said street, and special tax bills are about to
be issued separately against each lot of complainants, which
would be liens upon their said property and subject the same
to being sold to satisfy said special assessment; which assess-
ment and levy, it is averred, are in violation of complainants'
rights under the Federal Constitution. Wherefore an injunc-
tion was prayed to restrain said city from levying and assessing
the cost of said public improvement against complainants' prop-
erty and from issuing special tax bills against them for the same,
and for a decree declaring said charter, ordinance, and contract
provisions void; that the cost of said improvement, which was
about to be assessed and levied against all the abutting prop-
erty, is largely in excess of the sum of $10,000.

"Defendants filed a plea to the jurisdiction of the court, sup-
ported by an affidavit showing that the amount of special tax
which would be assessed and levied against the property of any

one of the complainants severally would not exceed $1400, and would not be an amount equal to $2000, and that hence the matter in dispute between the parties was not of the sum or value necessary to give jurisdiction to the Circuit Court of the United States, and that the bill should be dismissed for want of jurisdiction.

"Complainants demurred to the said plea and submitted the question of jurisdiction thus raised to the determination of the court, and thereupon the court, after due hearing and consideration, did overrule said demurrer, the court being of the opinion, as set out in the written opinion filed in said cause and accompanying this appeal, that the court was without jurisdiction of said cause in respect of the sum or value in dispute, and upon complainants confessing the matter of the plea in point of fact and refusing to plead further, their said bill was by the court dismissed for want of jurisdiction."

*Mr. Joseph Wheless* for appellants. *Mr. Minor Meriwether* was on his brief.

*Mr. B. Schnurmacher* and *Mr. Charles Claflin Allen* on behalf of St. Louis and the President of its Board of Public Improvements, and *Mr. Edward C. Kehr*, on behalf of the Gilsonite Roofing and Paving Company, appellees, filed a brief; but the court declined to hear counsel for appellees.

Mr. Chief Justice Fuller, after making the above statement, delivered the opinion of the court.

The bill alleged that defendants were about, under the charter of the city of St. Louis, and the ordinance authorizing and directing the improvement in question, to impose the cost thereof upon the several lots of ground adjoining the improvement, in the proportion that the frontage of each lot bore to the total frontage thereon. And it was admitted that the various lots of land threatened with assessment were owned in severalty; that no one complainant was interested in the lot of any other; and that the assessment against no one lot would amount to

two thousand dollars. We think that the Circuit Court rightly held that it was without jurisdiction under the circumstances. The general rule was thus stated by Mr. Justice Bradley in *Clay* v. *Field*, 138 U. S. 464, 479 : " The general principle observed in all is, that if several persons be joined in a suit in equity or admiralty, and have a common and undivided interest, though separable as between themselves, the amount of their joint claim or liability will be the test of jurisdiction ; but where their interests are distinct, and they are joined for the sake of convenience only, and because they form a class of parties whose rights or liabilities arose out of the same transaction, or have relation to a common fund or mass of property sought to be administered, such distinct demands or liabilities cannot be aggregated together for the purpose of giving this court jurisdiction by appeal, but each must stand or fall by itself alone."

Accordingly it has often been held that the distinct and separate interests of complainants in a suit for relief against assessments cannot be united for the purpose of making up the amount necessary to give this court or the Circuit Court jurisdiction. *Ogden City* v. *Armstrong*, 168 U. S. 224; *Russell* v. *Stansell*, 105 U. S. 303 ; *Walter* v. *Northeastern Railroad Company*, 147 U. S. 370.

The " matter in dispute " within the meaning of the statute is not the principle involved, but the pecuniary consequence to the individual party, dependent on the litigation, as, for instance, in this suit the amount of the assessment levied, or which may be levied, as against each of the complainants separately. The rules of law which might subject complainants to or relieve them from assessment would be applicable alike to all, but each would be so subjected, or relieved, in a certain sum, and not in the whole amount of the assessment. If a decision on the merits were adverse to the assessment, each of the complainants would be relieved from payment of less than two thousand dollars. If the assessment were sustained, neither of them would be compelled to pay so much as that.

It is true that the assessment has not been made, but the charge is that it is threatened to be made, and the purpose of

the bill is to enjoin proceedings about to be taken to that end. We agree with the Circuit Court that in these circumstances there is no force to the suggested distinction between a case where the assessment has not in fact been made and a case where it has already been made. When made, neither one of these complainants will be called upon to pay a sum equal to the amount of two thousand dollars, nor will any one of the lots be assessed to that amount.

*Decree affirmed.*