HOWARD et al. v. LINNHAVEN ORCHARD CO. et al.

(District Court, D. Oregon. December 13, 1913.)

No. 6882.

1. VENDOR AND PURCHASER ⬤⟶337—REMEDIES OF PURCHASER—LIEN FOR PURCHASE MONEY.

A vendee under a contract for the purchase of real property has a lien on such property for the amount of the purchase price paid by him.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 985–990; Dec. Dig. ⬤⟶337.]

2. VENDOR AND PURCHASER ⬤⟶337—ACTIONS BY PURCHASER—CONSTRUCTION OF COMPLAINT.

A complaint alleged that each of the complainants had contracted with one of the defendants, a corporation, for the purchase of a tract of land constituting part of a larger tract; that the corporation agreed to plant the tracts to trees for orchard purposes, and cultivate them for five years, and at the end of that time convey the tracts free from incumbrances; that it had virtually abandoned the project and was unable to carry out its obligations and would be unable to convey an unincumbered title; that each of the complainants had paid sums therein specified on their contracts; that the corporation was permitting unfounded and extravagant claims to be asserted against it and judgment liens to be secured to the irreparable injury of complainants; that it owed unsecured indebtedness to a considerable amount inferior in right to the claims of complainants; that, on account of the failure of consideration and the corporation's inability to convey a good title, the purchasers had each been damaged in the amount of their payments; that, on account of the facts, the complainants had refused to make further

payments and had rescinded their contracts, and on account of such re-fusal the corporation had attempted to declare the contracts and the payments thereon forfeited; that complainants had equitable liens on the tracts for the amounts paid. It sought a recovery of the amounts paid and a decree impressing a lien therefor on the land. *Held*, that the purpose of the complaint was to recover back the purchase money as for a breach of contract, and to impress the property with a lien, and not, as claimed, to rescind the contracts; there being no prayer for a rescission.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 985–990; Dec. Dig. ☜337.]

3. VENDOR AND PURCHASER ☜123—ACTIONS BY PURCHASER—NATURE OF AC-TIONS.

If the suit was one to rescind the contract, the cause was nevertheless equitable, and complainants would not be relegated to an action at law, though not entitled to a lien for the money paid.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 221–227; Dec. Dig. ☜123.]

4. COURTS ☜328—UNITED STATES COURTS—JURISDICTION—AMOUNT IN CON-TROVERSY.

A corporation owning a large body of land, pursuant to a common scheme or project, contracted to sell small tracts to various purchasers by contracts similar and largely identical, under which it was to plant and cultivate the tracts for five years. It became unable to carry out its obligations and was permitting judgments to be obtained and would be unable to convey a good title, whereupon the purchasers sued to re-cover payments on the purchase price, to impress the land with a lien therefor, to have a receiver appointed, and to wind up the corporation's affairs. The corporation had given mortgages covering some of the tracts, some of which were covered by more than one mortgage. The amount sought to be recovered by each complainant was less than $3,000. *Held* that, where the only ground for invoking federal cognizance was diversity of citizenship, a federal court had no jurisdiction, as the con-tracts with the various purchasers were completely severable and wholly independent, and the amounts involved could not be aggregated to confer jurisdiction on a federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. ☜328.]

In Equity. Suit by W. I. Howard and others against the Linnhaven Orchard Company and others. On order to show cause why receiver should not be appointed and on motion to dismiss the complaint. Mo-tion to dismiss allowed, and show cause ordered vacated.

The complainants, 25 in number, sue to impress a vendee's lien, each upon a separate tract or parcel of land for the amount advanced thereon, under separate contracts for purchase; it being alleged that the vendor has failed to comply with the terms of each contract on its part, and hence that the purchaser has the legal right to recover from it the amount of money advanced upon such purchase, and to have the amount impressed as a lien upon the land described in the contract.

The controversy grows out of a project entered upon by the Linnhaven Orchard Company, whereby the company, representing that it was the owner of about 2,500 acres of land, entered into separate and several con-tracts of sale with divers persons, whereby it agreed for a money considera-tion, payable in installments, to sell to the purchasers specified smaller tracts of its holdings, to plant the same to trees for orchard purposes, and to cul-tivate and keep the trees in growing condition for the period of five years, and at the end of that time to make conveyance, free from all incumbrances. According to the complaint, the company has failed in its venture, and is

unable to carry out its obligations imposed by its contracts of sale, and is in such a condition that it is, and will be at the end of the five-year period, unable to convey a fee-simple unincumbered title. The complaining pur-. chasers have paid sums running from $300 to $2,400 upon their contracts, and it is for the amounts so paid that they seek a recovery and a decree impressing the land contracted for with the amount of the recovery.

It is alleged in the complaint, among other things, that each of the complainants entered into a contract with the Linnhaven Orchard Company for the purchase of a tract of land within said Linnhaven tracts, as thereinafter mentioned. Then follows a list of purchasers, giving the name of the purchaser, the tract contracted for, the date of the contract, the purchase price, and the amount paid. It is then further alleged:

"That defendant Linnhaven Orchard Company has virtually abandoned its orchard project and has ceased to exert any effort to protect or preserve its assets and properties, and is permitting unfounded and extravagant claims to be asserted against it and judgment liens to be secured against its properties, without objection or defense, to the irreparable injury of complainants; that complainants are informed and believe that the defendant Linnhaven Orchard Company owes unsecured indebtedness to a considerable amount, but complainants allege that such, unsecured indebtedness is largely subsequent and inferior in right to the claims of the complainants; that said Linnhaven Orchard Company has no assets in addition to said land, except bills receivable upon which there could be realized not to exceed five thousand dollars ($5,000)."

After setting forth the particulars in which the orchard company has failed to perform the stipulations of the contracts on its part, the complaint continues:

"On account of the failure of said consideration, and on account of the inability of said defendant to convey a good unincumbered title to the respective purchasers for the land described in their respective contracts, each of said purchasers has been damaged in the amount of their payments upon said tracts, as above set forth and alleged. That on account of the failure of said Linnhaven Orchard Company to comply with the terms of said contracts with the said purchasers as aforesaid, and on account of its inability to convey a good title as aforesaid, each of said complainants has refused to make further payments upon his or her said contract and has rescinded the same; and on account of the refusal of said complainants to make said payments upon said contracts, said defendant Linnhaven Orchard Company has wrongfully attempted to declare said contracts and the moneys paid thereon forfeited. That by reason of the premises, said complainants have equitable liens upon said tracts for the amounts paid by said complainants upon the same pursuant to said contracts."

And finally the necessity for winding up the affairs of the orchard company and the appointment of a receiver is averred.

A number of mortgage-lien claimants are made parties defendant. Some, but not all, of the mortgages cover some of the tracts involved, and some tracts are covered by more than one of the mortgages.

The defendants having been directed to show cause why a receiver should not be appointed, the cause came on for hearing upon such order, and upon a motion to dismiss the complaint.

Veazie, McCourt & Veazie, of Portland, Or., and S. M. Endicott and W. C. Winslow, both of Salem, Or., for complainants.

Hewitt & Sox, Dan Johnston, Weatherford & Weatherford, and Hill & Marks, all of Albany, Or., and Roscoe P. Hurst, of Portland, Or., for defendants.

WOLVERTON, District Judge (after stating the facts as above). It was submitted that plaintiffs' right of action, whatever they had, was legal and not equitable. This upon the hypothesis that the true theory

of the complaint is that the plaintiffs have rescinded their contracts, and that, having rescinded, they could only have their actions at law to recover back what they had paid on their contract price.

[1] According to the great weight of authority, a vendee is vested with a lien for the amount of the purchase price paid upon a contract for the purchase of real property. By an equitable conversion, the purchaser becomes the owner of the land contracted for (equitable though his title may be), while the vendor retains the legal title, but in trust for the purchaser. Every advancement of purchase money increases the vendee's interest in the realty purchased, and there is no just reason why the vendee's right to a lien is not just as strong as that of the vendor. The principle upon which such a lien is founded is the same in either case. Elterman v. Hyman, 192 N. Y. 113, 84 N. E. 937, 127 Am. St. Rep. 862, 15 Ann. Cas. 819.

[2] While it is averred by the complaint that each of the purchasers has been damaged, and each has rescinded his or her contract, the complainants nevertheless claim an equitable lien, and pray that it be foreclosed and the property sold to satisfy their respective demands. There is no effort to have the court rescind the contracts. If such a purpose were in the mind of the pleader, he would certainly have asked for it in his prayer. This he has not done. Looking through the entire complaint, I am impressed that its true purpose and intendment is to recover back the purchase money for a breach of the contract and to impress the property with a lien for the amount of the recovery.

In this view the case of Davis v. Rosenzweig Realty Operating Co., 192 N. Y. 128, 84 N. E. 943, 20 L. R. A. (N. S.) 175, 127 Am. St. Rep. 890, is without application.

[3] But if the case at bar is one for rescinding the contract, the cause is equitable nevertheless, and plaintiffs would not be relegated to an action at law, although they might not be entitled to a lien for the money paid. See case last cited.

[4] The cause, however, must be dismissed for want of jurisdiction in a federal court to entertain it. The demand of no single one of the complainants equals $3,000, and, as the ground for invoking federal cognizance is diversity of citizenship, the amount in controversy becomes jurisdictional. The contracts of purchase entered into by complainants with the Linnhaven Orchard Company are several and distinct, and wholly independent one from the other. That is to say, each purchaser has contracted for a distinct tract or parcel of land, in which no other purchaser has an interest, and the terms of his contract relate to himself wholly, and are not interdependent in any particular upon any conditions of the contract of purchase of any other purchaser, so that each contract may be wholly performed and wholly executed by the parties to it without in any way affecting any other contract or any conditions imposed upon any other purchaser. True it is that the orchard company is the common vendor, and has contracted to sell by a common scheme or project, to dispose of a large body of land, and the form of contracts is similar, and we may say largely identical; but this does not detract from the complete severa-

bility and wholly independent character of the contracts. The land contracted to be sold comprises all the interest the purchaser obtained or was to obtain in the larger tract, and the sale of other tracts from the larger tract was in no way made dependent upon the interest acquired by the individual purchasers under their contracts. So that, from any viewpoint, the severability of the individual contracts one ,from the other is complete and independent, not in the least nor in any way interdependent.

Nor does the fact that some of these tracts have been mortgaged by the company, and some more than once, and that lands of the orchard company not contracted to be sold have also been mortgaged, with the mortgages in some instances overlapping some of the tracts under contract for sale, change or modify the severable character of the contracts themselves. Nor do such facts afford ground for uniting the causes of action in the sense that the amounts involved may be aggregated for conferring jurisdiction on a federal court. It may be convenient to unite all the causes of action for the purpose of marshaling the assets. But this does not signify, as each individual suing.singly and separately may bring in necessary and proper parties for properly and adequately marshaling all the assets essential to determining the rights and interests pertaining to their individual purchases and the priorities relating thereto, or they might intervene in suits instituted for the foreclosure of these mortgages, for the purpose of setting forth their interests and having appropriate assets marshaled accordingly. The general rule applicable is stated by Mr. Hughes (Hughes, Fed. Procedure, 233) thus:

"Where there is more than one plaintiff, if the interests of the plaintiffs are joint, and not several, the entire amount will be taken into consideration in determining the jurisdiction; but if their interests are several, and they have merely joined for convenience in bringing the suit, then the amounts due to the different plaintiffs cannot be joined for the purpose of conferring jurisdiction."

It is so stated by Mr. Justice Bradley in Clay v. Field, 138 U. S. 464, 479, 11 Sup. Ct. 419, 425 [34 L. Ed. 1044]. After alluding to several cases from the Supreme Court, he says:

"The general principle observed in all is that if several persons be joined in a suit in equity or admiralty, and have a common and undivided interest, though separable as between themselves, the amount of their joint claim or liability will be the test of jurisdiction; but where their interests are distinct, and they are joined for the sake of convenience only, and because they form a class of parties whose rights or liabilities arose out of the same transaction, or have relation to a common fund or mass of property sought to be administered, such distinct demands or liabilities cannot be aggregated together for the purpose of giving this court jurisdiction by appeal, but each must stand or fail by itself alone."

This was a case where the question of jurisdiction arose on appeal, but the rule is the same where jurisdiction is sought in a federal court of original cognizance. Thus it was said in Walter v. Northeastern Railroad Co., 147 U. S. 370, 373, 13 Sup. Ct. 348, 349 [37 L. Ed. 206]:

"It is well settled in this court that when two or more plaintiffs, having several interests, unite for the convenience of litigation in a single suit, it can only be sustained in the court of original jurisdiction, or on appeal in

this court, as to those whose claims exceed the jurisdictional amount; and that when two or more defendants are sued by the same plaintiff in one suit the test of jurisdiction is the joint or several character of the liability to the plaintiff."

See, also, Wheless v. St. Louis et al., 180 U. S. 379, 21 Sup. Ct. 402, 45 L. Ed. 583.

The Walter Case was a suit by the railroad company to enjoin distinct assessments in several counties, and the Wheless Case a suit by lot owners to enjoin street assessments against distinct lots severally owned by the plaintiffs; and it was held in each instance that the several demands could not be aggregated for the purpose of giving the court jurisdiction. If such be the rule (and it is so adjudged) as it relates to a class "whose rights or liabilities arose out of the same transaction, or have relation to a common fund or mass of property sought to be administered," how much more cogent would be its application where, as in the present case, the rights not only arose out of entirely separate and distinct transactions, but have no relation whatever to any common fund or mass of property to be administered.

The motion to dismiss must be allowed, and likewise the show cause order will be vacated.