ROBINSON v. WEMMER et al.

(District Court, N. D. Ohio, W. D. November 11, 1918.)

No. 185.

1. EQUITY ⬅51(2)—JURISDICTION—CONSPIRACY—MULTIPLICITY OF SUITS.

It is no conspiracy for two or more persons, each having a separate and independent cause of action against a third, to agree that they will simultaneously, by independent and separate suits, proceed against their adversary, for there is no other way in which they could individually make their contentions than by separate suit; hence, though such persons so agreed and employed the same attorney, it is no ground for equitable relief in favor of the person sued.

2. INJUNCTION ⬅26(4)—MULTIPLICITY OF SUITS.

A court of equity will not entertain a bill by complainant against a large number of parties, to whom he had sold corporate stock, and who had begun separate actions to recover for fraud on the theory equity will restrain a multiplicity of suits, where proof as to nonreliance on the misrepresentations, etc., would not be binding on all the various parties.

3. COURTS ⬅328(4)—FEDERAL COURTS—JURISDICTIONAL AMOUNT.

Where a number of persons sued complainant in the state court for fraud in the sale of corporate stock, the amounts of their several distinct claims cannot be aggregated, so as to give the federal court jurisdiction of a bill against them all to restrain multiplicity of suits.

4. COURTS ⬅491—JURISDICTION—ACQUIESCENCE.

Where complainant filed answers in various suits in the state court, he could not thereafter maintain in the federal court a bill to restrain the suitors in state court on the ground of multiplicity of suits.

5. COURTS ⬅262(2)—EQUITY JURISDICTION OF FEDERAL COURT—REMEDY IN STATE COURT.

One against whom numerous suits were begun in state court cannot maintain a bill in federal court to restrain multiplicity of suits, on the ground that the venue of the state court was hostile to him, but, if entitled to protection on that ground, must seek it in the state court.

In Equity. Bill by Arthur D. Robinson against Henry G. Wemmer and others. On motion to dismiss. Bill dismissed.

John L. Davidson, of Chicago, Ill., and Jas. W. Halfhill, of Lima, Ohio, for plaintiff.

Dan R. Tripplehorn and Welty & Downing, all of Lima, Ohio, for defendants.

KILLITS, District Judge. This case is before the court on a motion to dismiss the amended complaint for want of jurisdiction to en-

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tertain the same, and for the further reason, among others, that it appears from the complaint that suits are pending covering the subject-matter of the complaint in the state court, to the jurisdiction of which the complainant has submitted himself.

The complainant was interested in the promotion of a corporation, and in that capacity sold stock therein to 19 residents of the city of Lima, Ohio. The enterprise coming to grief, each of these parties, who are made joint defendants to the complaint under examination, separately sued Robinson in the state court to recover the amount he had paid for stock. The amounts involved vary from $750 to $3,075 in the several cases. In but two instances is the amount at stake of itself sufficient to meet the jurisdictional requirements of an action in this court, for it should be observed that there is a diversity of citizenship; Robinson not being a citizen of this district. Service was had in each of these 19 actions on Robinson within the city of Lima, and in each case he has set up a defense by way of answer.

[1] What we know about the nature of these state suits is to be gathered from the averments of the complaint itself, from which it appears that each of the plaintiffs therein sues to recover on the ground of fraud alleged to have been practiced upon him by Robinson. A motion similar to this was interposed to the original complaint and granted. In sustaining the motion we filed a memorandum as follows:

"It is decisive of the question before us that there is no community of interest between the several defendants in the case as planted here, plaintiffs in the state court, against the complainant here. There is an apparent community of interest, to be sure, which grows out of the fact that each of the plaintiffs in the state court predicates a claim against the defendant upon a similar state of facts growing out of transactions of almost identical nature. The claims, however, are presented in individual and independent rights; because one plaintiff might be successful, there results no adjudication of the right of any other claimant. In this respect the cases of Marshall v. Holmes, 141 U. S. 589, 12 Sup. Ct. 62, 35 L. Ed. 870, and McDaniel v. Traylor, 212 U. S. 428, 29 Sup. Ct. 343, 53 L. Ed. 584, are clearly distinguishable. In each of these cases, the interests were bound together indistinguishably. In the earlier case, Mayer, the judgment creditor, owned all the judgments, all taken against the same debtor, Marshall. The defendants to the case are none other than the solitary judgment creditor, Mayer, and the sheriff of the parish, Holmes. The situation is not comparable to the situation before us. In the latter case, the aggregation of the causes of action making up the jurisdiction of the federal court was the result of fraud; the court saying, on page 433 of 212 U. S., on page 344 of 29 Sup. Ct. (53 L. Ed. 584): 'As we have already seen, it was the fraudulent combination and conspiracy which united the claims and made the aggregate of the claims the matter in dispute.' It is no conspiracy for two or more persons, each having a separate and independent cause of action against a third, to agree that they will simultaneously, by independent and separate suits, proceed against their adversary. There is no other way in which they could individually make their contentions than by separate suit, and it means nothing that they agree together to sue, or that they employ the same attorney. The coincidence that each claimant against Robinson in the state court predicates his claim upon facts analogous to the facts relied upon by every other claimant is not enough, even when combined with an agreement for each independent claimant to sue, to permit the aggregation of these claims and either a removal to this court or an appeal to this court, for injunctive relief to stop the state proceedings. The remedy sought by complainant is beyond the extraordinary powers of this court."

Broadly, the difference between the complaint thus disposed of and the amended complaint now under attack exists in the incorporation in the latter in great detail of the history of the disagreements between the parties, together with complainant's understanding of the nature of the fraud alleged to have been perpetrated by him upon each of the plaintiffs in the several suits in question. There is also an allegation that the parties are conspiring to embarrass him by a multiplicity of suits, and that there is a prejudice against him in the local state court, growing out of the notoriety of the transactions, which will greatly embarrass him in making his defense in that venue. So far as the complaint enlightens us as to the nature of the alleged conspiracy, it seems to rest upon the fact that the same attorney represented each of the plaintiffs and that the petitions are identical in terms mutatis mutandis. It is very plain that each of these cases proceed upon the same state of facts so far as allegations involving Robinson are concerned, and that in each the same measure of recovery is depended upon.

It is alleged that all the controversies between the complainant and the defendants could be fully adjudicated in one suit in equity, to the avoidance of a multiplicity of suits, and the relief sought here is that each of the defendants may be enjoined and restrained from proceeding with their several suits pending in the state court until the further order of this court, and that upon the final hearing here the injunction may be made permanent, and that the complainant have such other and further relief as may be proper. There is no prayer that the issue between Robinson and his several antagonists be heard here together, or that the 19 plaintiffs in the state court be required either to join there in one action or to participate in a representative suit.

[2] The complainant relies for his appeal to this court upon the general proposition that equity will restrain the multiplicity of suits, and that this is an occasion where that function should be exercised, because, in the theory of the complainant, the situation is one within the third category of possible conditions in which the doctrine may be applied as defined by Pomeroy, Equity Jurisprudence (3d Ed.) § 245, where the text reads as follows:

"Where a number of persons have separate and individual claims and rights of action against the same party, A., but all arise from some common cause, are governed by the same legal rule, and involve similar facts, brought by all these persons uniting as coplaintiffs, or one of the persons suing on behalf of the others, or even by one person suing for himself alone. The case of several owners of distinct parcels of land upon which the same illegal assessment or tax has been laid is an example of this class."

As shown by the authorities, which support Pomeroy's text as above quoted, the practice in this class of cases applies principally to situations where a suit may be brought by one in behalf of himself and others similarly situated, or where all parties having a common interest may be joined together, and where neither of the parties interested as complainants have an individual action at law. A typical case is that of Boyd et al. v. Schneider et al., 131 Fed. 223, 65 C. C. A. 209. Because of its peculiar facts, Virginia-Carolina Chemical Co.

v. Home Ins. Co. of New York, 113 Fed. 1, 51 C. C. A. 21 (case below Home Ins. Co. of New York v. Virginia-Carolina Chemical Co. [C. C.] 109 Fed. 681), cannot be cited as in any degree justifying the complainant's position here. It will be noted that this case, however, consistent with other decisions in which the point is raised, recognizes that actions of this sort are merely ancillary to the proceedings against which they are severally directed, wherefore, as complainant here is seeking absolute relief, he is beyond the purview of the principle which he is invoking. This is made more plain when we consider the fact that he is not proceeding in a situation where he is without remedy at law. He has a plain remedy at law, namely, to defend in the actions at law brought in the state court. We are therefore of the opinion that he has not improved his position by the amendment of his complaint, but that the same reasons which required us to grant the motion to the original complaint obtain here.

In complainant's brief we are advised to consider that, no matter how palpably fraudulent were the misrepresentations of complainant to induce any party now suing him in the state court to buy stock, still he would not be liable unless as to that party it were shown that the latter relied wholly upon those representations for his influence to make the investment. It seems to us that it needs but a reference to this feature to show that the doctrine of Pomeroy does not apply here, for the reason that the rights of action of the several causes respectively do not involve similar facts. It is manifest that the proof touching the reliance or nonreliance of any one of these individual purchasers upon the complainant's alleged fraudulent misrepresentations is applicable only to the controversy between those two individuals. It could not be said that proof which would bind, for instance, Wemmer in this respect would be proof likewise affecting Steiner. It is clear, therefore, that the merits of the several controversies are entirely separable and not coincident, and therefore that an essential criterion of the right to enjoin to prevent a multiplicity of suits is absent.

[3] It will be noted that but 2 of the defendants here are pressing causes of action against the complainant in the state courts in amounts meeting the jurisdictional requirement of an action in this court. If other conditions, therefore, favor the complainant's right to the relief he seeks here and to the maintenance of this proceeding, as to the remaining 17 defendants whose several controversies with the complainant in the state court involve amounts less than $3,000, the complainant could have no standing in this court at all. It has been held that parties having causes of action against an individual coming within the limits of Pomeroy's doctrine may not invoke the jurisdiction of this court, even though other jurisdictional requirements are present, by aggregating their individual claims, each less than the jurisdictional amount, and thereby reach that amount. Wheless v. St. Louis et al., 180 U. S. 379, 21 Sup. Ct. 402, 45 L. Ed. 583. Conversely, therefore, it must be true that the complainant cannot bring these 17 parties into this court by asserting that the aggregate amount involved exceeds $3,000, and we do not think either of these 17 cases

may be attacked in this action because each of the other 2 does,·in fact, involve the jurisdictional amount.

[4, 5] It appeals to this court that complainant, having already submitted to the jurisdiction of ·the state court through his answers, is no longer in position to press this complaint, whether or not he might have done so originally; nor do we regard the allegation that the venue of the state court is hostile to him as one which would tend to confer jurisdiction upon th:s court. If he is entitled to any protection from such assumed hostility, he must press for it· before some state tribunal. Of course, if the 19 suits pending in Allen county are legitimately separate actions, the multitude of them is ·of no consequence, so far as having a right to come into this court is concerned, for it is well argued here that there is a distinction between a multiplicity of suits and a multitude of them.

The motion to dismiss in this case is equivalent to a demurrer. So considering it, we do not regard the complaint as sufficient to make a good cause of action for conspiracy, for the reason that the allegations which are assumed to bear upon that charge seem clearly inadequate.

Other reasons why this motion should be granted are earnestly pressed to our consideration, but we have said enough to indicate here the motion is .well taken, without further extending this opinion.