## SOVEREIGN CAMP, W. O. W., v. O'NEILL et al.

(District Court, N. D. Texas, Dallas Division. March 3, 1923.)

1. **Courts ⊙⟹328(4)—Suit to restrain numerous suits, each for less than $3,000, does not involve jurisdictional amount.**

A suit, filed in the United States District Court on the ground of diversity of citizenship, to restrain the prosecution of a number of separate suits in the state court by 25 separate plaintiffs, all arising from the same transaction with defendant in those suits, does not involve the jurisdictional amount, where no one of the claims of the separate plaintiffs amounts to $3,000, though the aggregate of the claims exceeded that sum.

2. **Courts ⊙⟹508(2)—United States court cannot restrain multiplicity of suits in state court.**

Under Judicial Code, § 265 (Comp. St. § 1242), prohibiting injunction by a United States court to stay proceedings in any state court, except where authorized by law relating to bankruptcy proceedings, a United States District Court cannot entertain a bill, on the ground of multiplicity of suits, to restrain the prosecution of actions in the state court by numerous plaintiffs against the same defendant, arising out of the same transaction.

In Equity. Suit by the Sovereign Camp, Woodmen of the World, against E. E. O'Neill and others. On motion to dismiss. Motion granted.

Gresham & Willis, of Dallas, Tex., for plaintiff.

Capps, Canty, Hanger & Short, of Fort Worth, Tex., for the motion.

ATWELL, District Judge. The defendant and 24 others assigned to a Mr. Buck certain claims which they alleged against the plaintiff. Mr. Buck brought suit on such claims against the plaintiff in the state court. The aggregate amount was approximately $25,000. The plaintiff in the state court suit, Mr. Buck, resided in Texas, and the defendant, Woodmen of the World, plaintiff here, was a nonresident corporation. It gave notice, under the statute, that it would seek to remove the case from the state to the federal court.

Before it filed its application and bond, for this purpose, plaintiff dismissed his suit. Afterward the 25 persons who had assigned their claims to Mr. Buck brought 25 separate suits in the state court against the same defendant, who is the plaintiff here. The petition of each plaintiff is identical. The cause of action is identical. The attorneys are identical. The defendant, of course, is identical.

The defendant in that suit prepared the complaint which is now

---

⊙⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

before this court, making itself plaintiff, and all of the 25 plaintiffs defendants, in this action, claiming a conspiracy between the defendants to defraud it and embarrass it, and asking for an injunction to stay this multiplicity of causes. Judge West, as acting judge for the Northern district in the summer of 1922, granted a temporary restraining order as prayed, and this order has from time to time been maintained by the agreement of all parties, plaintiff and defendant.

The defendants now present their motion to dismiss, on the ground that there is no equity in the bill, and on the ground that section 265 of the Judicial Code (Comp. St. § 1242), which reads as follows:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy,"

prevents such relief.

[1] The claim of neither one of the defendants here, plaintiffs in the state court, amounts to the sum of $3,000, though the aggregate of the 25 claims is, of course, greatly in excess of such sum. Jurisdiction being claimed for this court upon the ground of diversity of citizenship. I hold that the jurisdictional amount is not present.

Parties having causes of action against a corporation, even though other jurisdictional requirements were present, cannot, by aggregating their individual claims, each less than the jurisdictional amount, come into this court for relief. Robinson v. Wemmer (D. C.) 253 Fed. 793; Wheless v. St. Louis, 180 U. S. 379, 21 Sup. Ct. 402, 45 L. Ed. 583; Ogden City v. Armstrong, 168 U. S. 228, 18 Sup. Ct. 98, 42 L. Ed. 444; Russell v. Stansell, 105 U. S. 303, 26 L. Ed. 989; Walter v. Northeastern, 147 U. S. 370, 13 Sup. Ct. 348, 37 L. Ed. 206.

The matter in dispute, within the meaning of the statute, is not the principle involved, but the pecuniary consequence to the individual party, dependent on the litigation, as, for instance, in this suit the amount of the claim made by each of the defendants against the plaintiff separately. If a decision of the courts were adverse to the plaintiff, each of the defendants would be benefited in a sum less than $3,000. If a decision on the merits were adverse to the defendants, the plaintiff would be relieved from the payment of each individual defendant's claim, each of which is less than $3,000.

[2] 2. The defendants cite Pomeroy on Equity Jurisprudence, vol. 1, § 245, which reads as follows:

"Where a number of persons have separate and individual claims and rights of action against the same party, but all arising from the same common cause, are governed by the same legal rule, and involve similar facts, brought by all these persons united as coplaintiffs, or one of the persons suing on behalf of the others, or even by one person suing for himself alone."

This text does not seem to be an answer to that line of cases which support the heart and purpose of section 265 of the Judicial Code, quoted above. Essanay Film Company v. Kane, 258 U. S. 358, 42 Sup. Ct. 318, 66 L. Ed. ——; King v. Fernley (D. C.) 283 Fed. 451; Robinson v. Wemmer et al. (D. C.) 253 Fed. 790; Smith v. Jennings, 238 ·Fed. 48, 151 C. C. A. 124; Texas & Pacific v. Kuteman, 54 Fed. 547,

4 C. C. A. 503; Mallory Steamship v. Thalheim (C. C. A.) 277 Fed. 196.

The plaintiffs cite, in addition to the text mentioned above, Marshall v. Holmes, 141 U. S. 589, 12 Sup. Ct. 62, 35 L. Ed. 870, and McDaniel v. Traylor, 196 U. S. 415, 25 Sup. Ct. 369, 49 L. Ed. 533, Wyman v. Bowman, 127 Fed. 257, 62 C. C. A. 189, Supreme Lodge v. Ray (Tex. Civ. App.) 166 S. W. 46, Montgomery Light & Water Co. v. Charles et al. (D. C.) 258 Fed. 723, and Commodores Point Terminal v. Hudnall (D. C.) 283 Fed. 150. These citations, with the exception of Montgomery Light & Water Co. v. Charles, and perhaps one other exception, deal with such causes of action as may be pleaded equitably for relief from final judgments fraudulently obtained, or final decrees fraudulently obtained, in state courts. They do not respond to the question that is now under consideration, namely, the preservation of the integrity and independence of the two systems of courts, or rather the courts of the two sovereignties, state and federal.

Without attempting a differentiation, or discussion, of Montgomery Light & Water Company v. Charles, it will be noticed that some of the defendants in that case, who were plaintiffs in the state court, claim an amount within the jurisdiction of the federal court, and as to such parties the causes had been removed to the federal court. Likewise it is indicated in the opinion (page 726) that the defendants acquiesced in the jurisdiction of the federal court.

We have no right to assume that, in each of the cases which is now pending in the state court, each of the parties, the defendant as well as the plaintiff, will not receive justice, and certainly in each of the causes the defendant has a complete and adequate remedy at law. Judge Killits, in Robinson v. Wemmer, said:

"It is no conspiracy for two or more persons, each having a separate and independent cause of action against a third, to agree that they will simultaneously, by independent and separate suits, proceed against their adversary. There is no other way in which they could individually make their contentions than by separate suit, and it means nothing that they agree together to sue, or that they employ the same attorney. The coincidence that each claimant against Robinson in the state court predicates his claim upon facts analogous to the facts relied upon by every other claimant is not enough, even when combined with an agreement for each independent claimant to suit, to permit the aggregating of these claims, and either a removal to this court or an appeal to this court for injunctive relief to stop the state proceedings. The remedy sought by complainant is beyond the extraordinary powers of this court."

Upon the larger question the Supreme Court of the United States in Essanay Film Co. v. Kane said:

"In this court, as in the courts below, appellant's chief reliance is upon Simon v. Southern R. Co., 236 U. S. 115. Without intimating that in other respects the cases are parallel, it is a sufficient ground of distinction that this is an attempt to use the process of the federal court to restrain further prosecution of an action still pending in a state court, while that cited was a case of enjoining a successful litigant from enforcing a final judgment of a state court held void because procured without due process. As was pointed out in that case (pages 123 et seq.), the prohibition originated in Act Cong. March 2, 1793 (1 Stat. 334, c. 22, § 5), was based upon principles of comity, and designed to avoid inevitable and irritating conflicts of jurisdiction. But when the litigation in the state court has come to an end, and final judgment has

been obtained, the question whether the successful party should in equity be debarred from enforcing the judgment, either because of his fraud or for the want of due process of law in acquiring jurisdiction, is a different question, which may be passed upon by a federal court without the conflict which it was the purpose of the act of 1793 to avoid."

For the reason that there is no jurisdiction as to amount, and for the further reason that section 265 of the Judicial Code provides otherwise, this court is without jurisdiction to try this bill, and the same is dismissed, and the decree will be prepared accordingly.