## MATTHEWS v. BARKER et al.

No. 1954.

District Court, D. Idaho, S. D.

Jan. 7, 1937.

J. A. Elston and Walter Griffiths, both of Caldwell, Idaho, for plaintiff.

E. R. Coulter, of Weiser, Idaho, for defendants.

CAVANAH, District Judge.

The plaintiff seeks to quiet title to certain lands and enjoin defendants from interfering with his possession and for the recovery of $12,000 as damages for the wrongful interference with plaintiff's use and control of the lands.

The defendants file both a demurrer and motion to dismiss and as this being a suit in equity to quiet title, the motion to dismiss should be considered and the contention of the parties disposed of on the complaint and motion. Jurisdiction of the court is questioned by the defendants, as it is urged that the court has no jurisdiction of the persons of the defendants or the subject matter which is based upon the ground that as the title of the plaintiff, of the lands, is derived from a patent of the United States issued under an act of Congress, it does not show that a federal question is involved either in the protection of the title or the enforcement of

rights under it. There is no effort in the case to found jurisdiction of the court on the diverse citizenship of the parties. It is brought on the theory that the matter in controversy arises under the laws of the United States, as the complaint alleges that the plaintiff is the owner and entitled to the possession of the lands and that he derived his title thereto from the United States through patent issued on July 12, 1935, over the objections and protests made by the defendants, and that, in pursuance of the provisions of the statute of the United States, the objections and protests were denied after a regular hearing thereon in the Land Office; that, notwithstanding the denial of the objections and protests, the defendants deny the validity of the patent or that it conveyed to the plaintiff any estate or title to the lands; that defendants have wrongfully and unlawfully and by force gone upon the lands and interfered with plaintiff in his possession and control thereof to his damage in the sum of $5,000; that the value of the land is $7,000; and that defendants claim some right, title, and interest therein which are invalid. The usual demand for decree in quieting title is made together with demand for recovery of $12,000 for interference with plaintiff's title. With these facts appearing in the complaint we approach the consideration of the principal question of jurisdiction of the court.

It is apparent that the complaint alleges that plaintiff claims the title to the lands in controversy by virtue of a patent granted to him by the United States and that the objections and protests made by the defendants were overruled by the Assistant Commissioner of the General Land Office after, according to the parties, a regular hearing in the manner provided by law. Denial of the validity of the patent presents only, under the facts alleged in the complaint, the question of fact which was passed upon and decided by the Assistant Commissioner who had authority to do under the laws of the United States. So we have here the mere assertion of title to the land derived by the plaintiffs under and by virtue of a patent granted by the United States which does not present of itself a question conferring jurisdiction on the District Court of the United States. There does not appear any dispute between the parties as to the meaning of some constitutional provision or law of the United. States, but the case involves solely an issue of fact as to whether the decision of the Assistant Commissioner was correct in overruling the objections and protests of the defendants upon the showing made before him and the issuance of the patent. Under such circumstances the case is not one arising under the Constitution or a law of the United States, and the mere fact that the title of the plaintiff comes from a patent or under a law of the United States does not show that a federal question arises.

The provisions of the statute invoked by the defendants as to conferring jurisdiction is found in paragraph (1) (a) of section 41, title 28 U.S.C.A., which provides: "District courts shall have original jurisdiction * * * (1) of all suits of a civil nature, at common law or in equity * * * (a) arises under the Constitution or laws of the United States."

The interpretation of this provision of the statute has been disposed of on several occasions by the Supreme Court involving rights to land acquired under laws of the United States, for in the case of Shulthis v. McDougal, 225 U.S. 561–569, 32 S.Ct. 704, 706, 56 L.Ed. 1205, where the facts are analogous to the present case, Mr. Justice Van Devanter said: "A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends. This is especially so of a suit involving rights to land acquired under a law of the United States. If it were not, every suit to establish title to land in the central and western states would so arise, as all titles in those states are traceable back to those laws. Little York Gold Washing & Water Co. v. Keyes, 96 U.S. 199, 24 L.Ed. 656; Colorado Central Mining Co. v. Turck, 150 U.S. 138, 14 S.Ct. 35, 37 L.Ed. 1030; Blackburn v. Portland Gold Mining Co., 175 U.S. 571, 20 S.Ct. 222, 44 L.Ed. 276; Florida Central & P. Railroad Co. v. Bell, 176 U.S. 321, 20 S.Ct. 399, 44 L.Ed. 486; Shoshone Mining Co. v. Rutter, 177 U.S. 505, 20 S.Ct. 726, 44 L.Ed. 864; De Lamar's Nevada Co. v. Nesbitt, 177 U.S. 523, 20 S.Ct. 715, 44 L.Ed. 872."

The case of Florida Central & Peninsular Railroad Co. v. Bell (C.C.A.) 87 F. 369, relied upon by defendants, was re-

versed by the Supreme Court in 176 U.S. 321, 20 S.Ct. 399, 402, 44 L.Ed. 486, where the plaintiffs claimed title to the land under a patent granted by the United States under an act of Congress and the defendants claimed that the plaintiff was not under any of the laws of the United States entitled to have a patent to the land. The facts there are also analogous to the present case, where it is said: "In view of the frequent and recent decisions of this court on this subject, it is not necessary to argue the proposition that the mere assertion of a title to land derived to the plaintiffs under and by virtue of a patent granted by the United States, presents no question which, of itself, confers jurisdiction on a circuit court of the United States. Blackburn v. Portland Gold Mining Co., 175 U.S. 571, 20 S.Ct. 222, 44 L. Ed. 276."

It is, of course, well settled that the nature of the action, and not the character of the defense to it, constitutes the test to determine whether it arises under the laws of the United States, and it must clearly and substantially involve a dispute respecting the validity and construction of a law, and that must appear from the plaintiff's statement of his own claim. It does not appear from the facts stated in the complaint that there is a disputed construction of a provision of the Constitution of the United States or of any law of the United States under which the parties claim, as the contest appears to be only about the facts and therefore a federal question is not presented. California Oil & Gas Co. of Arizona v. Miller et al. (C. C.) 96 F. 12; Austin v. Gagan et al. (C.C.) 39 F. 626, 5 L.R.A. 476. It follows from what has been said that, the court not having jurisdiction of the action, it is dismissed for want of jurisdiction, with costs awarded to the defendants.