**GAVICA et al. v. DONAUGH, U. S. Atty., et al.**

**No. 8423.**

Circuit Court of Appeals, Ninth Circuit.

Dec. 8, 1937.

Bischoff & Bischoff, of Portland, Or., and Pat H. Donegan, of Burns, Or., for appellants.

Frank Chambers, Acting Asst. Atty. Gen., M. B. Strayer, Asst. U. S. Atty., of Portland, Or., and Ralph S. Boyd, Sp. Atty., Department of Justice, of Washington, D. C., for appellees.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

GARRECHT, Circuit Judge.

Suit in equity was brought by the appellants against the appellees to have the Taylor Grazing Act, 48 Stat. 1269, as amended, 43 U.S.C.A. § 315 et seq., declared unconstitutional, to have the regulations promulgated thereunder by the Secretary of the Interior declared null and void, and to restrain and enjoin the defendants from enforcing the provisions of the act "and/or" the said regulations, and to enjoin the defendants "from in any manner interfering with the plaintiffs in the use of the vacant, unappropriated and unreserved public lands of the United States, commonly known as grazing lands, in the area described in the complaint, and from in any manner interfering with the plaintiffs' flocks of sheep."

The plaintiffs were engaged in the business of raising sheep in the state of Oregon. Defendant Donaugh was the United States Attorney for the District of Oregon; defendant Ickes, the Secretary of the Interior of the United States; defendant Carpenter the Director of Grazing appointed by the United States Department of the Interior; defendant Deeds was also a Director of Grazing; and defendant Klemme was the Regional Grazier appointed by the United States Department of the Interior.

The bill of complaint alleged that the Secretary of the Interior had promulgated rules under the Taylor Grazing Act, supra, which the defendants were charged with the duty of enforcing, and that the plaintiffs had attempted to comply with the provisions thereof, but were prevented from doing so because of the impossibility of their performing certain of the requirements; that they were denied the use of grazing lands necessary to the conduct of their business; and that the defendants refused to permit the plaintiffs to use these grazing lands, threatening punishment for violation of their orders. It was further alleged that the act is unconstitutional as an unlawful delegation of legislative power, and, therefore, so it is alleged, the regulations promulgated thereunder are of no effect and void.

The District Court in this suit held that the complaint failed to state a cause of action. We would be disposed to sustain the court's ruling on that question if it were properly before us; but we are compelled to hold that the only question we have to decide is whether the District Court had jurisdiction of this case. Though not raised by the parties, this question is necessarily before us and must be decided. Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338; Southern Pacific Co. v. McAdoo (C.C.A.9) 82 F.2d 121; Electro Therapy Products Corp. v. Strong (C.C.A.9) 84 F.2d 766, 767.

■■ The District Court's jurisdiction, if it had any, was conferred by sections 24(1) and 274d of the Judicial Code, as amended, 28 U.S.C.A. §§ 41(1), 400. Section 24(1) provides that District Courts shall have original jurisdiction: "Of all suits of a civil nature, at common law or in equity, brought by the United States, or by any officer thereof authorized by law to sue, or between citizens of the same State claiming lands under grants from different states; or, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different States, or (c) is between citizens of a State and foreign States, citizens, or subjects."

Section 274d (commonly known as the Federal Declaratory Judgment Act) provides: "In cases of actual controversy except with respect to Federal taxes the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such."

This is a suit of a civil nature in equity, and arises under the Constitution and laws of the United States, but it was not brought by the United States or by any officer thereof, and is not between citizens of the same state claiming lands under grants from different states. It, therefore, was not within the jurisdiction of the District Court unless the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000. This is so notwithstanding the Federal Declaratory Judgment Act (Judicial Code § 274d, as amended, 28 U.S.C.A. § 400). Southern Pacific Co. v. McAdoo, supra.

■ The bill of complaint alleges that the "matters" in controversy in this case exceed, exclusive of interest and costs, the sum of $3,000. The matters in controversy are the rights which plaintiffs assert and seek to have protected and enforced. Electro Therapy Products Corp. v. Strong, supra. There are four of these rights: (1) The asserted right of plaintiff Santiago Gavica to graze sheep on public lands of the United States, free from interference or prosecution by defendants; (2) a similar right asserted by plaintiffs Fausto Laca, Jose Alegria, and Salvador Azqueta, copartners doing business under the firm name of Jose Alegria Company; (3) a similar right asserted by plaintiffs Margarita Bengoa and Cleto Achabal, copartners doing business under the firm name of Frank Bengoa Company; and (4) a similar right asserted by plaintiffs Ygnacio Achabal and Cleto Achabal, copartners doing business under the firm name of Achabal Brothers.

■ These four matters are distinct and several. There is no allegation that the four groups of plaintiffs, or any two groups, have any common undivided interest in all or any of the several matters in controversy. These matters, therefore, cannot be aggregated for the purpose of conferring jurisdiction. Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 85, 43 S. Ct. 480, 483, 67 L.Ed. 871; Scott v. Frazier, 253 U.S. 243, 244, 40 S.Ct. 503, 64 L. Ed. 883; Pinel v. Pinel, 240 U.S. 594, 596, 36 S.Ct. 416, 60 L.Ed. 817; Rogers v. Hennepin County, 239 U.S. 621, 622, 36 S.Ct. 217, 60 L.Ed. 469; Troy Bank v. G. A. Whitehead & Co., 222 U.S. 39, 40, 32 S.Ct. 9, 56 L.Ed. 81; Wheless v. St. Louis, 180 U.S. 379, 382, 21 S.Ct. 402, 45 L.Ed. 583; Bateman v. Southern Oregon Co. (C.C.A. 9) 217 F. 933, 937. The allegation that plaintiffs are suing on behalf of others similarly situated is of no avail. Lion Bonding & Surety Co. v. Karatz, supra.

■ Although, in this case, the bill alleges that the matters in controversy, meaning, of course, the four matters in controversy, exceed, exclusive of interest and costs, the sum or value of $3,000, it does not allege, nor does it state any fact or facts from which it may be inferred, that each or any one of the four matters in controversy exceeds that sum or value. It follows, therefore, that the bill fails to state a case within the jurisdiction of the District Court, and that it should have been dismissed for want of jurisdiction, and not on the merits.

The decree of the District Court is modified to conform with this opinion and, as modified, affirmed.