## NEALE et al. v. RAILROAD COMMISSION OF STATE OF CALIFORNIA et al.

### No. 880-H.

District Court, S. D. California, Central Division.

April 10, 1940.

Paul H. Bruns, of Los Angeles, Cal., for plaintiffs.

Ray L. Chesebro, City Atty., Leon Thomas David, Asst. City Atty., and Bourke Jones, Deputy City Atty., all of Los Angeles, Cal., for defendant City of Los Angeles.

W. Jos. McFarland and John L. Bland, both of Los Angeles, Cal., for defendant Ray L. Chesebro.

YANKWICH, District Judge.

The action challenges the validity of the California Motor Carrier Transportation Agent Act [Stats.Calif. 1933, Chapter 390, p. 1011] as amended in 1935 [Stats.Calif. 1935, page 1833] [See: Deering's General Laws of California, 1937, Vol. 1, Act 5130c]

In 1936, a three-judge statutory court, of which I was a member, declared the statute unconstitutional as violating the commerce clause of the Constitution of the United States [U.S.Constitution, Art. 1, Sec. 8, Clause 3] See: Motor Transit Co. v. Railroad Commission, D.C.Cal.1936, 15 F.Supp. 630.

The present action is instituted by Mary Neale and seven others against the Rail-

road Commission of California, the City of Los Angeles, its City Attorney and Leroy Dawson, Judge of the Municipal Court of the City of Los Angeles.

The plaintiffs state that they are engaged in the business of "auto travel bureau" and act as intermediaries between the public and casual motor carriers of passengers. As such, they are licensed by the State Board of Equalization of the State of California. They aver that they have been threatened with prosecution for failing to obtain permits as "ticket sellers" under the Act. Upon application, a temporary restraining order was issued.

The defendants have moved to dismiss.

■ A reading of the complaint leads inevitably to the conclusion that the Court has no jurisdiction of the cause.

■ The complaint in its challenge of constitutionality does state that the matter arises under the Constitution of the United States. But it nowhere states that the matter in controversy exceeds the jurisdictional minimum of three thousand dollars. 28 U.S.C.A. § 41(1). This might be remedied by a general allegation, such as was made and *not* questioned, in Motor Transit Co. v. Railroad Commission, supra.

However, the affidavits filed by the plaintiffs, in attempting to ward off the attack on jurisdiction, *show conclusively* that such an allegation could not be made truthfully. The statute is regulatory. It provides for a yearly licensing fee of one dollar and a bond of one thousand dollars for faithful performance. Act, Sections 7, 8.

The plaintiffs seek to establish jurisdiction by the allegations (in one of the affidavits) that "the matter in controversy in the above entitled action involves more than three thousand dollars in amount in that the business operated by affiant is alone worth more than *three thousand dollars* and is valued at a greater amount than *three thousand dollars;* that there are in addition to affiant and his said partner two other owners of the travel bureau as plaintiffs in this action and that the combined value and assets of the businesses of said plaintiffs together with that of affiant *exceeds the sum of six thousand dollars"*.

The same affidavit also states that "the combined assets and gross value of the business of others" is the sum of $100,000.

It is clear that allegations of this character do not supply the necessary jurisdictional averment.

■ As the case arises under a licensing statute, the value of the controversy, *as to each of the plaintiffs,* is not the value of the business affected, but the value of the tax or fee which he is required to pay. McNutt v. General Motors, etc., Corp., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; DeWar v. Brooks, D.C.Nev.1936, 16 F.Supp. 636; Gavica v. Donaugh, 9 Cir. 1937, 93 F.2d 173; Clark v. Paul Gray, Inc., 1939, 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; and see: Jurisdictional Amounts and Injunction Suits in Federal District Courts, 1937, 25 Calif.Law Review, 336. These cannot be added up to make up the jurisdictional amount.

■ And even if we assume that the full face value of a faithful performance bond may be taken into consideration, in determining jurisdiction, the contingent liability of each plaintiff under the bond presents no such joint interest as would permit the amounts to be aggregated. See: Wheless v. St. Louis, 1901, 180 U.S. 379, 21 S.Ct. 402, 45 L.Ed. 583; Pinel v. Pinel, 1916, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817; Troy Bank v. Whitehead & Co., 1911, 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81; Bateman v. Southern Oregon Co., 9 Cir. 1914, 217 F. 933; Gavica v. Donaugh, 9 Cir. 1937, 93 F.2d 173; Clark v. Paul Gray, Inc., 1939, 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001.

The only exception which the Supreme Court introduced recently into this principle and into its ruling in McNutt v. General Motors, etc., Corp., supra, is found in its decision in Gibbs v. Buck, 1939, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111.

There it held that when a statute *prohibited* the doing of certain things, the test used in McNutt v. General Motors, etc., Corp., supra, did not apply, but that the value of the business was the test. However, where a statute is purely a licensing statute, as was the case in McNutt v. General Motors, etc., Corp., supra, allegations as to the value of the business cannot save the complaint.

■ The Judicial Code bids us inquire, at all stages, into our jurisdiction. Judicial Code, Sec. 37, 28 U.S.C.A. § 80; McNutt v. General Motors, etc., Corp., supra.

The plaintiffs, themselves, have joined issue on the factual basis of jurisdiction when their complaint was challenged, because it did not contain an averment of jurisdiction. The affidavits which they filed *show clearly* that this court is without jurisdiction.

Under the circumstances, our duty is plain. We must dismiss for want of jurisdiction. KVOS, Inc., v. Associated Press, 1936, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183; Clark v. Paul Gray, Inc., supra.

The complaint is dismissed without leave to amend. The temporary restraining order stands dissolved.