**HELVY. v. WEBB et al.**

**No. E–2.**

District Court, S. D. California, N. D.

Jan. 7, 1941.

J. Earl Haskins, of Los Angeles, Cal., for plaintiff.

Wild, Everts & Carlson, and A. W. Carlson, all of Fresno, Cal., for defendants.

YANKWICH, District Judge.

By the action the plaintiffs seek to impress certain lands in Fresno County, California, with a trust and to quiet title to them.

Notwithstanding the desire of the court, shared to some extent by counsel, that this matter be decided on the merits, the court is compelled by the strictness with which our higher courts have, in recent years, enforced the jurisdictional requirements of the Judicial Code (KVOS, Inc., v. Associated Press, 1936, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183; Royalty Service Corp. v. City of Los Angeles, 9 Cir., 1938, 98 F.2d 551; Kataoka v. May Department Stores Co., 9 Cir., 1940, 115 F.2d 521, decided November 18, 1940) to dismiss the cause for want of jurisdiction.

■ In the complaint, jurisdiction was predicated upon the existence of a matter in controversy arising under the laws of the United States and exceeding the value of $3,000. Both elements are necessary to jurisdiction. Judicial Code, Sec. 24(1), 28 U.S.C.A. § 41(1); Royalty Service Corp. v. City of Los Angeles, supra; Allen v. Clark, D.C.Cal., 1938, 22 F.Supp. 898; Cooney v. Legg, D.C.Cal., 1940, 34 F.Supp. 531; Neale v. Railroad Commission, D.C. Cal., 1940, 32 F.Supp. 407.

■ Suits involving the interpretation of the public land laws of the United States arise under the laws of the United States and, if the jurisdictional minimum is also present, are within the jurisdiction of the District Court. Der Haar v. Kettleman North Dome Association, D.C.Cal., 1940, 34 F.Supp. 823. But where the title has passed out of the United States and there is nothing more than a controversy as to conflicting rights claimed to property, the action is not one arising under the laws of the United States. Shulthis v. McDougal, 1912, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205; Scott v. First National Bank, 8 Cir., 1922, 285 F. 832; Matthews v. Barker, D.C. Idaho, 1937, 17 F.Supp. 594.

■ While the present action attacks certain actions of the Land Department upon which the challenge to defendants' title is based, in truth, it is nothing more than an action to quiet title, not necessarily de-

pendent on an interpretation of the laws of the United States. However, granting that the complaint states a cause arising under the laws of the United States, the evidence in the record clearly shows that the value of the land involved does not exceed $3,000.

The testimony in the record given by the defendant and others, familiar with the country and who took into consideration the price paid, asking price for similar lands, the taxes paid, clearly indicates that the value is below the jurisdictional minimum.

The plaintiff's testimony, which would place the value upon this grazing land at $200 an acre, is purely fantastic and is not entitled to any weight. The plaintiff did not show himself to possess any familiarity with the lands in question acquired either by residence in the vicinity or by dealing in similar lands.

Under the circumstances, the court is of the view that, even if it be conceded that the action involves the interpretation of the public lands laws of the United States, the value of the property in controversy does not exceed $3,000 and that the cause should be dismissed as not being within the jurisdiction of this court.

Findings and judgment limited to the question of jurisdiction only to be prepared by counsel for the defendants under Local Rule 8.