[Filed May 4, 1885.]

## SARAH McINTYRE v. JACOB KAMM and S. W. BROWN.

CONVEYANCE—PROOF OF—CERTIFICATE—WHAT TO CONTAIN.—In making proof of an unacknowledged deed (under § 17, tit. 1, ch. 6, Misc. Laws) it is necessary not only that the witness should be sworn, but that that fact should be stated in the certificate.

CONSTRUCTION OF STATUTE—CONSTRUCTION OF ANOTHER STATE.—The adoption by the legislature of this State of a statute of another State gives to the practice and decisions of the latter, made prior to the enactment of our statute, the weight of authority in its construction.

LEGAL TITLE—NOTICE—CONSIDERATION—PLEADING—BURDEN OF PROOF.—In a controversy between two persons, each claiming the legal title, the defendant may assail the plaintiff's title on the ground either of notice, or want of consideration. But in such case he must allege and prove the facts invalidating such title.

MULTNOMAH COUNTY. Plaintiff appeals. Affirmed as to lot 6, and reversed as to lot 5, of the tracts in controversy.

Ejectment. The complaint is in the usual form. The answer consists simply of denials and a plea of the Statute of Limitations.

At the trial the appellant gave in evidence, (1) a patent from the United States to Alexander Brown and wife under the donation law of September 27, 1850, including the premises in controversy; (2) a decree of the county court of Multnomah County, made at the April term thereof, 1859, by which the east half of said claim was partitioned among the children of said Alexander Brown, then deceased. In order to make the partition, said east half of the claim was divided into parcels, numbered respectively from one to six, inclusive, and designated as lots, two of which, lots 5 and 6, are the parcels in controversy. Lot 6 was set apart to Sarah McIntyre, the appellant, a daughter of the deceased, and lot 5 was set apart to another daughter, Nancy J. Brown, now Nancy J. Dray; and (3) a warranty deed to said lot 5 from Nancy J. Dray and her husband, dated December 18, 1883. The respondent then offered in evidence a writing, under seal, which they claimed to be a deed to said lot 5 from said Nancy J. Brown to William Stevens. The instrument was not acknowledged, but an attempt had been made to prove its execution, which was indorsed thereon as follows:—

"*State of Oregon, county of Multnomah.* I, F. R. Strong, a notary public in and for said county and State, do hereby certify that on this 21st day of September, 1883, personally appeared before me P. A. Marquam, one of the subscribing witnesses to the above and foregoing deed, and acknowledged to me that he resides in the county of Multnomah and State of Oregon, and has resided in said county and State for a long time prior to the date of said deed, and that he personally knew Miss Nancy J. Brown, the person described in and who executed said conveyance, and that the above and foregoing deed was signed and executed by Miss Nancy J. Brown, the grantor named therein, on the 26th day of October, 1864, the day it bears date, and that the said P. A. Marquam and one G. B. Gray, at the request of said Nancy J. Brown, and in her presence, signed our respective names as witnesses thereto; and

thereafter said deed was delivered by said Nancy J. Brown to said William Stevens, the grantee named therein. And I further certify that I am personally acquainted with said P. A. Marquam, the said subscribing witness, and have been so personally acquainted with him for over fifteen years.

"In witness whereof, I have hereunto set my hand and seal the day and year in this certificate first above written.

[NOTARIAL SEAL.]     "F. R. STRONG,
     "Notary Public for Oregon."

During the trial a certificate was obtained from T. A. Wood, a notary public, and indorsed upon the deed, which was intended to obviate the objections to the foregoing. The deed thus certified was admitted against the appellant's objections. The respondent then offered in evidence what was claimed to be a deed from the appellant to William Stevens to said lot 6. The descriptive part of the deed is as follows:—

"All the right, title, and interest of the said Sarah Brown in and to the donation land claim of Alexander Brown, deceased, late of Multnomah County, in the State of Oregon, and more particularly designated and known as lot No. 5 of said donation land claim, as surveyed, designated, and set apart to the said Sarah Brown, heir-at-law of said Alexander Brown, deceased, by the Probate Court of said Multnomah County, in the State of Oregon; reference thereunto being had, as will more fully appear in the records of said court."

This deed was also admitted in evidence against the appellant's objection. The plaintiff offered to show in rebuttal that this deed had been obtained by fraud of the grantee in misrepresenting the contents. The evidence was objected to and excluded by the court. Upon these facts the court directed a verdict for the respondents, and from the judgment entered thereon this appeal is taken.

*A. H. Tanner*, and *R. E. Bybee*, for Appellant.

The execution of a deed can be proven only by the affidavit or deposition of the witness. (Civ. Code, §§ 798, 802, 804; *Rushin* v. *Shields*, 1 Ga. 636; S. C. 56 Am. Dec. 436, n.) The

certificate of the notary public to the deed from Mrs. Dray is clearly insufficient. (Misc. Laws, p. 517, §§ 17, 18.) The deed then not being acknowledged or proven as required by law was not entitled to record, and was not constructive notice to the plaintiff of any claim or title to the premises by the defendants. (Wade Notice, §§ 112, 124, 125; *Musgrove* v. *Bonser*, 5 Oreg. 313; *Rushin* v. *Shields, supra; Eaton* v. *Freeman*, 63 Ga. 535; *Taylor* v. *Harrison*, 47 Tex. 454; S. C. 26 Am. Rep. 304, n.; *Bishop* v. *Schneider*, 46 Mo. 472; S. C. 2 Am. Rep. 533.) Possession at most is only evidence tending to show actual notice; it is by no means conclusive. (*Sibley* v. *Leffingwell*, 8 Allen, 584; *Dooley* v. *Wolcott*, 4 Allen, 406; *Mara* v. *Pierce*, 9 Gray, 306; *Pomroy* v. *Stevens*, 11 Met. 244; *Beattie* v. *Butler*, 21 Mo. 313; *Williamson* v. *Brown*, 15 N. Y. 354; *Vaughn* v. *Tracy*, 22 Mo. 415; 25 Mo. 318.) The authorities are quite uniform in holding that possession for the purpose of notice must be actual, open, notorious, continuous, and exclusive. (Bigelow Fraud, p. 294; *Brown* v. *Volkening*, 64 N. Y. 76; *Kendall* v. *Lawrence*, 22 Pick. 540; *Bohlman* v. *Coffin*, 4 Oreg. 313; *Pope* v. *Allen*, 90 N. Y. 298.) And the burden was on the defendants to show that their possession was such as constitutes actual notice. (*Brown* v. *Volkening, supra; Kendall* v. *Lawrence, supra; Musgrove* v. *Bonser*, 5 Oreg. 316.) Under the rules for construing the descriptive part of a conveyance prescribed in section 845 of the Civil Code, the deed from appellant to William Stevens cannot be treated as a conveyance of lot 6 in controversy. (*Board Land Com.* v. *Wiley*, 10 Oreg. 86, and cases there cited; *Hathaway* v. *Juneau*, 15 Wis. 264; *Smith* v. *Strong*, 14 Pick. 128; *Morrell* v. *Fisher*, 4 Ex. 604; *Webber* v. *Stanley*, 16 Com. B. N. S. 755; *Rutherford* v. *Tracy*, 48 Mo. 325; 1 Greenl. Ev. § 301.) The designation of a lot of land by its name or number must be regarded as the prominent object or monument, and where there is uncertainty the monument must prevail over courses and distances. (*Rutherford* v. *Tracy, supra; Myers* v. *Ladd*, 26 Ill. 417; *Lodges' Lessee* v. *Lee*, 6 Cranch, 237; *White* v. *Gay*, 9 N. H. 126; *Union Railway Co.* v. *Skinner*, 9 Mo. App. 189.) Fraud in obtaining the execution of a con-

veyance may always be shown at law. (*Farley* v. *Parker*, 6 Oreg. 105 ; *Smith* v. *Cox*, 9 Oreg. 475.)    Such a deed is absolutely void against the party defrauded. (*Thompson* v. *Drake*, 32 Ala. 99 ; *Somers* v. *Pumphrey*, 24 Ind. 231 ; *Gwin* v. *Hodge*, 4 Jones (N. C.) 168 ; *Montgomery* v. *Pickering*, 116 Mass. 227 ; *Young* v. *Pate*, 4 Yerg. 164 ; Bigelow Fraud, p. 156.)    The defendants cannot claim to be innocent purchasers for a valuable consideration without notice, first, because their immediate grantor held under a quit-claim deed; and secondly, because before they can invoke that doctrine they must have acquired the legal title as well as an equitable right to the property. (*Baker* v. *Woodward*, 12 Oreg. 3 ; *Trustees* v. *Wheeler*, 61 N. Y. 117 ; *Hallett* v. *Collins*, 10 How. 174, 186 ; Bigelow Fraud, p. 315.)    It was unnecessary for plaintiff to plead the fraud relied upon to impeach the deed. (*Morgan* v. *Bishop*, 61 Wis. 407.)

*Joseph Simon*, for Respondents.

The deed from Nancy J. Brown to Wm. Stevens is duly proved, and such proof stands in lieu of an acknowledgment. (Ch. 6, Misc. Laws, §§ 17, 21 ; *Myrick* v. *McMillan*, 13. Wis. 188 ; *Catlin* v. *Washburn*, 3 Vt. 24 ; *Dana* v. *Bank etc.* 5 Watts & S. 223 ; *Wilson* v. *McEwan*, 7 Oreg. 87.)    It was not necessary that the witness proving the deed should sign the probate.    The certificate of the officer taking the proof has universally been held sufficient. (*Dana* v. *Bank etc. supra*; *Carpenter* v. *Dexter*, 8 Wall. 513.)    The signature of Nancy J. Brown being admitted, her deed was admissible in evidence even if not properly proven.    It was sufficient to pass the legal title to the land, and was good without proof against the plaintiff, who had notice of it. (*Goodenough* v. *Warren*, 5 Sawy. 494 ; *Marshall* v. *Fisk*, 6 Mass. 24 ; *Buck* v. *Babcock*, 36 Me. 491 ; *Wark* v. *Willard*, 13 N. H. 389 ; *Semple* v. *Miles*, 2 Scam. 315 ; *McConnell* v. *Reed*, 2 Scam. 371 ; *Scard's Lessee* v. *Davis*, 6 Peters, 124.)    Where the description consists of several parts, some of which are incorrect, mistaken, or false, if it can be ascertained what was intended to be conveyed, the property will pass. (*Board School Land Commrs.* v. *Wiley*, 10 Oreg. 86 ; *Raymond* v. *Coffey*,

5 Oreg. 132; *Drew* v. *Drew*, 28 N. H. 496.) Parol evidence is inadmissible in an action of ejectment to impeach title deeds regular upon their face, or to show that the grantor intended to convey a different tract from the one mentioned in the deed. (*Dolph* v. *Barney*, 5 Oreg. 191; *Norwood* v. *Byrd*, 1 Rich. 135; S. C. 42 Am. Dec. 406.) The ambiguity, if there was any, was patent, and parol evidence could not be admitted to explain it. (*Marshall* v. *Haney*, 4 Md. 498; S. C. 59 Am. Dec. 92; 1 Greenl. Ev. § 297.)

WALDO, C. J.—The practice of proving a deed for the purpose of having it recorded grew up in New York in colonial times as a part of the common law of the State. (*Van Cortlandt* v. *Tozer*, 17 Wend. 338; S. C. 20 Wend. 423.) We have no such common-law practice in this State. We doubtless take judicial notice at common law of what is termed "an acknowlment of a deed." (*Morris* v. *Wadsworth*, 17 Wend. 113; *Pidge* v. *Tyler*, 4 Mass. 541.) But apart from the express enactment of our statute, we do not know what is intended by the expression "proving a deed" for purposes of registration. Nevertheless, the legislature, in enacting the statute, seemed to have supposed that they were legislating upon a subject well understood in the law, and hence, doubtless, arose what is obviously an imperfect explanation of the mode in which proof shall be made, and the manner in which it shall be certified. The term is first seen in the Laws of Oregon Territory of 1854, page 478, and, as may be drawn from the preface and the marginal references of the text, was a transcript from the laws of New York. That fact, under the circumstances attending the publication of the laws of that year, gives to the decisions and practice of the courts of New York prior to the enactment of our statute the weight of authority in its construction. According to the practice in that State, which may be taken as a declaration of the law, it seems to have been necessary, not only that the witness should be sworn, which might seem otherwise obvious, but that that fact should be stated in the certificate. (*Jackson* v. *Livingston*, 6 Johns. 149; *Jackson* v. *Osborn*,

2 Wend. 555; *Bradstreet* v. *Clarke*, 12 Wend. 673; *Norman* v. *Wells*, 17 Wend. 137; *Van Cortlandt* v. *Tozer*, 17 Wend. 338; *Carver* v. *Jackson*, 4 Peters, 82.)

The case of *Hunt* v. *Johnson*, 19 N. Y. 292 (not cited by counsel), seems, indeed, to support the defendant's position, that the certificate need contain only what the statute expressly specifies it should contain. But the decision seems to overlook the fact that there was a law governing the subject in New York prior to the statute, which should be considered in the construction of the statute; and also seems to have overlooked what seems to have been a uniform practice the other way. Nor can the decision be upheld on principle, which requires the facts to be stated in the certificate, that the court may see that the deed was duly proved. (Marshall, C. J., *Ross* v. *McLung*, 6 Peters, 287.) The power of the officer in taking the proof may be likened to that of an inferior court, "which ought not to show things only by implication, but ought to show them expressly." (*Barnaby* v. *Goodale*, Style, 2.)

It is sufficient at present, without examining the certificate in other particulars, that the certificate must be held bad because it does not show that the witness was sworn, and on this ground it was rightly excluded by the court below. The result was that the record title was in the plaintiff. It followed, then, that if the certificate of the notary Woods, made at the trial, was otherwise valid, no other effect could be given to it than if the witness himself had been produced, and proved the deed at the trial. On this point we agree with Mr. Justice Campbell in *Shotwell* v. *Harrison*, 22 Mich. 423, that the recorded deed is *prima facie* evidence of everything necessary to give it validity. This being a controversy between legal titles, the defendants could have assailed the plaintiff's title on the ground of notice or want of consideration at law. (*Jackson* v. *Burgott*, 10 Johns. 457.) But the burden was on the defendants to set up the facts invalidating the plaintiff's title, and to prove them at the trial. (*Moore* v. *Thomas*, 1 Oreg. 201; *Ryder* v. *Rush*, 102 Ill. 340.) As this was not done, it was error to admit the deed on the Woods' certificate alone, and direct a verdict for the defendants as to said lot.

The description in the deed from Sarah Brown to William Stevens was sufficient to convey lot 6. The case comes within the rule laid down in *Stukeley* v. *Butler*, Hob. 172, where, showing that a contradictory explanatory clause will not avoid what was sufficiently granted before, it is said:-

"As, if I have in D blackacre, whiteacre, and greenacre, and I grant unto you all my land in D—that is to say, blackacre and whiteacre—yet greenacre will pass too."

And see *Bell* v. *Potts*, 5 East, 49; *Jackson* v: *Loomis*, 18 Johns. 81; *Worthington* v. *Hylyer*, 4 Mass. 196; *Raymond* v. *Coffey*, 5 Oreg. 132.

It follows that the judgment of the court below must be affirmed as to lot 6, and reversed as to lot 5, and a new trial ordered, with leave to the defendants to apply to the court below for leave to amend their answer.