Argued June 26, affirmed July 23, 1918.

# FIRST SAVINGS BANK OF ALBANY *v.* LINN-HAVEN ORCHARD CO.

### (174 Pac. 614.)

**Payment—Pleading Time of Payment.**

1. An answer setting out a contract to sell real estate upon which "defendants have paid the amount herein mentioned, to wit," followed by a statement of the name of each purchaser, description of land, date of contract, purchase price, and "amount paid" in dollars, does not fix the date of payments.

**Vendor and Purchaser—Remedies of Purchaser—Lien for Purchase Money.**

2. A purchaser under a contract for the sale of real property has a lien on the property for the purchase price paid, which, upon breach by the vendor, can be enforced by a decree ordering the sale of the property.

[As to lien of vendee, see note in 127 Am. St. Rep. 873.]

**Mortgages—Priorities—Lien of—Purchaser of Property.**

3. One who asserts the priority of a purchaser's lien on real property against subsequent purchasers and a mortgagee must show that the payments upon which his lien attaches were made prior to the mortgage or other liens.

**Mortgages—Priorities—Lien for Purchase Money.**

4. In an action between the holder of a purchase-money lien and a mortgagee to determine priorities in real property, where the lien-holder fails to allege that the payments under which he claims were made prior to the mortgage, it is not necessary for the mortgagee to show, under Section 7129, L. O. L., that the mortgage was acquired in good faith.

From Linn: WILLIAM GALLOWAY, Judge.

Department 2.

The plaintiff brings this suit to foreclose three certain mortgages upon the tracts of land described in the complaint executed on May 8, 1911, to secure the payment of two promissory notes aggregating $14,500. One of the mortgages was duly recorded in the records of Linn County on June 10, 1911. Another was placed on record October 14, 1911, and the third was made a matter of record on October 15, 1911.

The defendant being in default in the payment of interest, a decree was rendered foreclosing the mortgages and declaring them to be prior to the liens asserted by any of the defendants.

Charles Leonard, B. F. Raines, John Edwards and A. W. Smith were made defendants in the suit.  B. F. Raines filed an answer and cross-complaint setting forth an attachment lien upon the land involved made on March 20, 1915, and a judgment thereafter rendered and docketed in the Circuit Court for Linn County perpetuating the attachment lien.  John Edwards and Charles Leonard answered asserting a judgment lien, which was docketed in that court on the fourth day of September, 1915.

Lydia L. Meyer, Alice C. Arzt, Frank Buehring, W. T. Franklin, Frank Rost, Elizabeth B. Page, J. J. Page, H. A. Noble, Andrew Torkelson, Tena Torkelson, W. E. Still, H. E. Still, W. H. Page, and Eustace Spence, defendants and appellants, by their answer claim an equitable lien upon certain tracts of land, being portions of the lands described in plaintiff's mortgages, by reason of certain contracts for the purchase of the same.  These defendants allege,

"That the purpose of the organization and existence of the Linnhaven Orchard Company was to lay out, plat, put on the market and sell certain tracts of land located in Linn County, Oregon, and more particularly described as the Linnhaven Tracts, as the same appear from the duly recorded plat thereof on file in the office of the County Recorder for Linn County, Ore gon."

That the Linnhaven Orchard Company made certain false and fraudulent representations in regard to the several tracts of land purchased by these defendants for the purpose of inducing them to purchase the certain tracts and then allege as follows:

"That thereafter defendant Linnhaven Orchard Company, by means of said false and fraudulent representations set forth and alleged above, sold to defendants mentioned herein, who here relying upon said representations as aforesaid made by the said defendant Linnhaven Orchard Company, did each for himself enter into a contract for the purchase of tracts in the said Linnhaven tracts for the prices herein set forth and upon which each of said defendants respectively has paid the amount herein mentioned, to wit:

| Name. | Tract No. | Date of Cont. | | | Pur. Price | Amt. Paid. |
|---|---|---|---|---|---|---|
| Lydia L. Meyer | 215 | March | 29, | 1911 | $3600 | $1800.00 |
| Alice C. Arzt | 216 | May | 30, | 1911 | 3600 | 1800.00 |
| Frank Buehring | 207 | Jan. | 18, | 1911 | 3600 | 1800.00 |
| W. T. Franklin | 206 | Oct. | 1, | 1912 | 4200 | 1200.00 |
| Frank Rost | 212 | Jan. | 14, | 1911 | 3600 | 2400.00 |
| Elizabeth B. Page | 178 | Dec. | 14, | 1910 | 3600 | 2400.00 |
| Elizabeth B. Page | 213 | Dec. | 6, | 1910 | 3600 | 1800.00 |
| H. A. Noble | 20 | Oct. | 24, | 1910 | 3600 | 3600.00 |
| H. A. Noble | 26 | March | 1, | 1911 | 3600 | 1200.00 |
| Andrew Torkelson<br>Tena Torkelson | 22 | Sept. | 1, | 1911 | 4200 | 1200.00 |
| W. E. Still<br>H. E. Still | 181–133–134 | May | 8, | 1911 | 9800 | 5400.00 |
| W. H. Page | 208 | May | 8, | 1913 | 4200 | 1000.00 |
| Eustace Spence | 179 | Oct. | 8, | 1913 | 4200 | 600.00" |

That each of the contracts for the purchase and sale of said tracts was evidenced by a written contract, whereby the defendant Linnhaven Orchard Company agreed to sell to the purchaser therein named the tracts of land therein described and to execute and deliver to the purchaser, or his heirs, a good and sufficient warranty deed, accompanied by an abstract showing a perfect title in the grantor, upon the completion of the payments provided for in the contract, and to perform the other stipulations of the contract.

That on account of the failure of the Linnhaven Orchard Company to comply with the terms of said contracts, and its inability to convey a good title as

agreed, "each of said defendants has refused to make further payments upon his or her said contract and has rescinded the same."

That the liens of these defendants as to the particular tracts upon which said liens exist, are prior to the lien and claim of plaintiff herein, "said lien and claim of each of said defendants being as of the date of the contract of said defendants."

It was stipulated that the answers be deemed denied and replied to.

The trial court decreed the purchasing defendants to have a lien subsequent in time and inferior in right to plaintiff's mortgages, and subsequent to the lien of the judgments mentioned. These purchasing defendants appeal. Affirmed.

For appellants there was a brief over the names of *Mr. John McCourt, Mr. Samuel M. Endicott* and *Mr. Walter C. Winslow*, with an oral argument by *Mr. McCourt*.

For respondents there was a brief over the name of *Messrs. Weatherford & Weatherford*, with an oral argument by *Mr. James K. Weatherford*.

BEAN, J.—1, 2. There is no allegation as to the time of payments on the contracts of purchase contained in the answer of these defendants except as shown above: *Title Ins. & Trust Co.* v. *Northwestern Long-Distance Telephone Co.*, 88 Or. 666 (173 Pac. 251). It will therefore be seen that no dates of such payments are fixed. The payments for which the purchasing defendants claim a lien may have been made at any time between the dates of their respective contracts, and the time when they each ceased making payments, which is not definitely stated. According to the weight

of authority, a purchaser of real estate has, in equity, a lien upon the real property for the amount of the purchase price paid upon a contract for the purchase thereof. Where the executory contract fails by reason of the vendor's default, and without any fault of the purchaser, such lien will be enforced by decree, for the sale of the property: *Howard* v. *Linnhaven Orchard Co.*, 228 Fed. 523; *Tyler* v. *Cate*, 29 Or. 515 (45 Pac. 800); 39 Cyc. 2031, and note.

3. The appealing defendants invoked the rule that as between a mortgage of real property and other liens or claims, which may attach as liens upon the premises, the general rule is that, that which is first in time is first in right: 27 Cyc. 1171, and note 46. Also that this lien of the purchaser exists as against subsequent purchasers, or mortgagees with notice of the payment: 39 Cyc. 2040, and note.

In order for the appealing defendants to be benefited by this equitable rule, it was incumbent upon them to allege and prove as a basis for their claim that the payments made by them upon their respective tracts of land were made prior to plaintiff's mortgages, or prior to the other liens.

These defendants are not claiming an equitable right to purchase the land, by virtue of their contracts to purchase, but assert an equitable claim of lien by reason of the partial payments made for the tracts of land. Therefore, their equities would arise, not at the time of the execution of the contract as alleged in their answer, but at the time of the partial payments made by them.

4. Section 7129, L. O. L., provides:

"Every conveyance of real property within this state hereafter made, which shall not be recorded as provided in this title within five days thereafter, shall be void against any subsequent purchaser in good

faith and for a valuable consideration of the same real property, or any portion thereof, whose conveyance shall be first duly recorded."

Before the plaintiff would be required to show that its mortgages were acquired in good faith, without knowledge or notice of the equities of the appealing defendants, it would be necessary for such defendants to allege that the payments for which they claim an equity were made prior to plaintiff's mortgages.

Defendants and appellants have not done this, and therefore have not brought themselves within the rule announced in the cases of: *Baker* v. *Woodward,* 12 Or. 3 (6 Pac. 173); *Raymond* v. *Flavel,* 27 Or. 219 (40 Pac. 158); *Rhodes* v. *McGarry,* 19 Or. 222 (23 Pac. 971); *Barnes* v. *Spencer,* 79 Or. 205, 214 (153 Pac. 47).

The question here involved, as to the dates of the payments upon these contracts, is identical with that discussed by Mr. Justice BENSON in the case of *Green* v. *Linnhaven Orchard Company et al.,* in which an opinion has this day been rendered, to which reference is hereby made. It is shown that the plaintiff's mortgages were executed by the Orchard Company to secure a loan of $14,500, of which $9,500 was obtained to satisfy prior mortgages given for the purchase price of the land. The loan was made, and the security taken in good faith.

It follows that the decree of the lower court must be affirmed, and it is so ordered.          AFFIRMED.

McBRIDE, C. J., BENSON and JOHNS, JJ., concur.