Argued April 23, reversed and remanded May 27, reconsideration denied
July 10, petition for review allowed September 16, 1980

NELSON,
*Respondent,*
*v.*
HUGHES, et ux,
*Appellants.*

(No. 78-200-E, CA 15825)

611 P2d 688

[353]

Michael L. Mowrey, Grants Pass, argued the cause and filed the brief for appellants.

C. H. Seagraves, Jr., Grants Pass, argued the cause for respondent. On the brief were Donald H. Coulter, and Myrick, Coulter, Seagraves and Myrick, Grants Pass.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Defendants appeal from the decree of the trial court quieting plaintiff's title to certain property in Josephine County. We reverse because we conclude that plaintiff had the burden of proof to establish that she was a bona fide purchaser for value without notice of defendants' claim, and failed to sustain that burden.

In August, 1961, defendants entered into a land sales contract with Robert and Betty Lou Doland. The property involved was described by metes and bounds; the contract was not recorded at that time.

Shortly thereafter, the Dolands had certain adjoining land which they owned surveyed and subdivided and, in August, 1962, after the subdivision plat was filed, sold two of the lots in the subdivision to plaintiff and her former husband.[1] That deed was recorded on August 29, 1962. A portion of the land sold to plaintiff overlapped the property described in the land sales contract between defendants and the Dolands. It is that overlapping land which is the subject of this dispute.

Plaintiff filed suit to quiet title alleging her title through the recorded deed of August, 1962. The answer and counterclaim alleged defendants' interest in the property through the contract of August, 1961. Defendants did not allege that the contract was recorded or that plaintiff was not a bona fide purchaser for value and without notice, and plaintiff did not allege in her reply, or in her answer to the counterclaim, that she had that status. A supplemental answer alleged that the contract had been fully paid and that the deed which had been placed in escrow at the time of the contract was recorded in February, 1979.[2]

---

[1] The property was later deeded to plaintiff by her former husband as a result of marriage dissolution.

[2] Defendants argue that because they now have legal title, and that their title relates back to the date of the contract (*see De Bow v. Wollenberg,* 52 Or 404, 96 P 536, 97 P 717 (1908), the recording of their deed also dates back to that date. They do not explain how that argument helps them in terms of constructive notice to plaintiff, we think understandably.

[355]

Defendants contend that the trial court erred in applying ORS 93.640(1) to this case. In 1961 that statute provided:

> "Every conveyance affecting the title of real property within this state which is not recorded as provided by law is void as against any subsequent purchaser of the same real property, or any portion thereof, in good faith and for a valuable consideration whose conveyance is first filed for record, and as against the heirs and assigns of such purchaser."

It is defendants' postion that land sales contracts were not covered by the recording statute until 1973 when the statute was amended to include them specifically.[3]

If ORS 93.640 is held to be applicable to land sales contracts executed before 1973, defendants contend that plaintiff had the burden of proving that she purchased the property "in good faith and for a valuable consideration" and that plaintiff did not meet this burden. The trial court in its decree recited that "there is neither pleading nor proof of any notice, effective to charge plaintiff with notice of defendants' antecedent contract and claim," absent which the court found for plaintiff.

We agree with the trial court that ORS 93.640 is applicable here: defendants *could* have recorded their contract[4] but failed to do so. However, based upon what appears to us to be a tenuous, if not unjustified, distinction made by the Supreme Court between the rule in suits in equity and actions at law, we conclude

---

[3] In 1973, ORS 93.640 was amended to read in pertinent part:

"(1) Every conveyance, deed, land sale contract or other agreement or memorandum thereof affecting the title of real property within this state which is not recorded as provided by law is void as against any subsequent purchaser in good faith and for a valuable consideration of the same real property, or any portion thereof, whose conveyance, deed, land sale contract or other agreement or memorandum thereof is first filed for record, and as against the heirs and assigns of such subsequent purchaser. * * *"

[4] ORS 93.670 provides that executory contracts for the sale of land may be recorded in the county clerk's office for the county in which the land is located.

that plaintiff had the burden of alleging and proving that she took title in good faith, without notice of defendants' claim. Having made no effort to do either, she failed to sustain her burden.

In two early ejectment actions, the Supreme Court held that the grantee under an unrecorded deed had the burden of proving that a subsequent purchaser of the property who recorded his deed had notice of the prior unrecorded deed. *McIntyre v. Kamm,* 12 Or 253, 7 P 27 (1885); *Advance Thresher Co. v. Esteb,* 41 Or 469, 69 P 447 (1902). Those cases would seem to be dispositive here. However, later cases involving suits in equity to quiet title or remove a cloud state the general rule to be that one claiming to be a bona fide purchaser has the burden of alleging and proving that status, *Murray v. Wiley,* 169 Or 381, 127 P2d 112, 129 P2d 66 (1942); *Immel v. Albany Iron Works,* 127 Or 118, 271 P 53 (1928); *First Sav. Bank v. Linnhaven Orchard Co.,* 89 Or 354, 174 P 614 (1918); *Jennings v. Lentz,* 50 Or 483, 93 P 327, 29 Lns 584 (1908); *Raymond v. Flavel,* 27 Or 219, 40 P 158 (1895).[5] In *Murray v. Wiley, supra,* at 405, the Court said:

"The burden was upon the defendant purchasers to allege and prove that they were purchasers for valuable consideration, without notice of the equitable claim of the plaintiff.

" '* * * In suits in equity, the claim of a bona fide purchaser for value is an affirmative defense, which must be pleaded, thereby placing the burden of proof in such cases upon the party relying thereon.

" '* * * And the rule is that "a want of that caution and diligence which an honest man of ordinary prudence is accustomed to exercise in making purchases,

---

[5] *Raymond v. Flavel,* 27 Or 219, 40 P 158 (1895), was not a suit to quiet title, but was a suit to declare defendant a trustee of certain real property and is one of the earliest cases deciding who has the burden of proving bona fide purchaser status in an equitable proceeding. The Court said:

" '* * * [U]pon proof of the equitable title of plaintiff, a defendant who relies upon the defense of being an innocent purchaser in good faith must set up the union of legal title with a superior equity arising from payment of the money and receiving the conveyance without notice, and with a clear conscience.' * *·*" 27 Or at 247.

is, in judgment of law, a want of good faith." Words and Phrases, Vol. 4, p. 3117.

" 'Whatever is sufficient to put a subsequent purchaser on inquiry must be considered legal notice to him of those rights, and when the purchaser omits to observe that ordinary precaution, he must be charged with a knowledge of all facts he might have learned by the exercise of reasonable diligence in making inquiry as to matters to which his attention has been directed.' *Jennings v. Lentz,* 50 Or. 483, 93 P. 327, 29 L. R.A. (N.S.) 584 (1908). And see *Belt v. Matson,* 120 Or. 313, 252 P. 80 (1927)."

We fail to understand why the rule should be different in actions at law from what it is in suits in equity.[6] Without regard to the validity of that distinction, the question of who has the burden of proof has been troublesome in other states, and the authorities are conflicting. *See* Anno: 107 ALR 502-531 (1937). It would not seem unreasonable to place the burden on the first non-recording purchaser because he could have avoided the problem by recording. On the other hand, that rule would require the first purchaser to prove a negative — that the subsequent purchaser was not a bona fide purchaser for value and without notice, which are matters, as a general proposition, peculiarly within the knowledge of the subsequent purchaser. *See* IV American Law of Property, § 17.35 (1952). In any event, as we view the Oregon cases, in this type of case the burden is on the subsequent purchaser.

Here, plaintiff made out a prima facie case by the introduction of her recorded deed to the disputed property. The burden *of going forward* then shifted to defendants to show their interest in the property. When defendants did so by the introduction of the land sales contract executed, albeit not recorded, prior to

---

[6] If there ever was a rational basis for such a distinction, it appears to have been abolished by ORCP 2, which provides:

"There shall be one form of action known as a civil action. All procedural distinctions between actions at law and suits in equity are hereby abolished, except for those distinctions specifically provided for by these rules, by statute, or by the Constitution of this state."

plaintiff's deed, the burden of going forward shifted back to plaintiff to show that she came within the purview of ORS 93.640 and had superior title by virtue of having taken the property without notice and for a valuable consideration. Plaintiff did not do so, although she did testify.

Because plaintiff did not show that defendants' land sales contract was void as to her under ORS 93.640, she took the property subject to the equitable interest of defendants. *Cf. Armstrong v. Lovelace,* 285 Or 313, 590 P2d 1231 (1979).

Reversed and remanded for entry of a decree consistent with this opinion.