Submitted February 3, affirmed May 31, petition for review denied August 16, 2012 (352 Or 341)

Robert G. MUZZY,
*Plaintiff-Respondent,*

*v.*

Ishwar UTTAMCHANDANI,
*Defendant-Appellant,*

*and*

MISSING LINK REALTY, INC.,
and OPM Management, LLC,
*Defendant.*

Tillamook County Circuit Court
092042; A146219

280 P3d 989

Ishwar Uttamchandani filed the brief *pro se.*

Raymond W. Greycloud filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

## HADLOCK, J.

This quiet-title action relates to a beach-house property that plaintiff and defendant Uttamchandani both claim to own. The dispute arises because a person to whom plaintiff once deeded an interest in the property, Angela Runk, both quitclaimed her interest in the property back to plaintiff and, later, purported to convey the same property to Jack Rowlands, who then executed a warranty deed for the property to Missing Link Realty, Inc., a corporate entity associated with defendant.[1] The trial court entered judgment for plaintiff. For the reasons set forth below, we affirm.

Defendant has not asked us to exercise our discretion to conduct *de novo* review of the facts in this equitable case and we would decline to do so even if he had, as this is not an "exceptional case" justifying that type of review. *See* ORAP 5.40(8)(c) ("The Court of Appeals will exercise its discretion to try the cause anew on the record or to make one or more factual findings anew on the record only in exceptional cases."); *Hammond v. Hammond*, 246 Or App 775, 777, 268 P3d 691 (2011) (quiet-title actions are equitable in nature). Accordingly, we review the trial court's factual findings for "any evidence" and its legal conclusions for errors of law. *Hammond*, 246 Or App at 777-78.[2]

We describe the facts as found by the trial court, supplemented with unchallenged evidence from the record. Plaintiff inherited the subject property from his mother. In 1999, he deeded that property to his daughter, Runk, reserving a life estate for himself. That deed was recorded promptly.

---

[1] Missing Link Realty, Inc., also was a defendant below, but it has not appealed; accordingly, we use the term "defendant" to refer exclusively to defendant Uttamchandani. Throughout the circuit-court litigation, Missing Link's interests in the real property were treated as coextensive with defendant's. For purposes of this appeal, we, too, presume that defendant's interests in the property are the same as Missing Link's.

[2] Defendant implicitly presumes, and plaintiff explicitly asserts, that we *automatically* will exercise *de novo* review in this case because it sounds in equity. "However, we no longer review judgments in all equitable proceedings *de novo*. Rather, *de novo* review is now discretionary in most equitable cases, like this one, in which the notice of appeal was filed after June 4, 2009." *Hammond*, 246 Or App at 777.

In September 2003, Runk executed a quitclaim deed conveying her interest in the property back to plaintiff, reciting "Love & Affection" as consideration, but nobody immediately recorded that deed. In July 2004, Runk executed a bargain-and-sale deed for the same property interest to Rowlands, who did not know that Runk already had executed a quitclaim deed to plaintiff, although he apparently understood that plaintiff previously had retained a life estate in the property. That Runk-to-Rowlands deed was recorded on July 30, 2004. In mid-August 2004, Rowlands and Runk executed a document titled "promissory note" in which Rowlands agreed to pay Runk $10,000 contingent upon receiving "Free and Clear Title" to the property, payable upon its resale.[3] The Runk-to-plaintiff quitclaim deed was recorded on September 8, 2004, approximately six weeks after the Runk-to-Rowlands deed had been recorded.

Property transactions involving Missing Link and defendant occurred the next month. In mid-October 2004, Missing Link acquired a warranty deed for the property from Rowlands, for which it paid $2,000. About two weeks later, defendant sent a business associate to "get a quitclaim deed" from Runk for the property, in the interest of "just being safe." During her meeting with defendant's associate, Runk quitclaimed any interest she had in the property to Missing Link in exchange for a $5,000 cashier's check executed by defendant and a promissory note in which Missing Link promised to pay Runk $5,000 when plaintiff's "estate expired." Defendant recorded the deed from Rowlands that same month; he later testified that Missing Link's quitclaim deed from Runk was "probably not" recorded. Throughout all of those transactions, plaintiff continued to occupy the property.

Plaintiff sued defendant in April 2009, seeking to quiet title in the property. Plaintiff claimed priority by virtue of his September 2003 quitclaim deed from Runk, despite that deed not having been recorded until September 2004.

---

[3] Rowlands never paid Runk any money in satisfaction of that promissory note.

In response, defendant claimed priority as a successor in interest to the Runk-to-Rowlands deed that had been executed in July 2004 and recorded the same month.[4] Defendant's argument was based on ORS 93.640(1), which provides that an unrecorded deed for real property "is void as against any subsequent purchaser in good faith and for a valuable consideration of the same real property, or any portion thereof, whose * * * deed * * * is first filed for record." Defendant asserted that Rowlands had purchased the property from Runk in good faith, before the Runk-to-plaintiff deed was recorded, and for valuable consideration. Because Rowlands also had recorded his deed in July 2004—again, before plaintiff recorded his deed in September 2004—defendant argued that the Runk-to-Rowlands deed was entitled to priority over the Runk-to-plaintiff deed under ORS 93.640.

The trial court found, as fact, that the Runk-to-Rowlands deed had not been supported by valuable consideration. From that fact, the court concluded that the Runk-to-Rowlands deed did not take priority over the Runk-to-plaintiff deed under ORS 93.640(1). Accordingly, the trial court entered judgment for plaintiff, quieting title in his favor.

On appeal, defendant renews his argument that the Runk-to-Rowlands deed had priority over the Runk-to-plaintiff deed under ORS 93.640. Again, the relevant portion of that statute provides:

> "Every * * * deed * * * affecting the title of real property within this state which is not recorded as provided by law is void as against any subsequent purchaser in good faith and *for a valuable consideration* of the same real property, or any portion thereof, whose * * * deed * * * is first filed for record, and as against the heirs and assigns of such subsequent purchaser."

(Emphasis added.)

Under that statute, an unrecorded conveyance is valid as between the grantor and the grantee, but is void as against a subsequent bona fide purchaser for value, that is, a

---

[4] Defendant did not claim that any of the other transactions mentioned in this opinion resulted in him owning the property.

subsequent purchaser who can prove that he or she (1) bought in good faith, (2) paid valuable consideration, and (3) "filed first for record." *Gorzeman v. Thompson,* 162 Or App 84, 92, 986 P2d 29 (1999); *see Nelson v. Hughes,* 290 Or 653, 663-65, 625 P2d 643 (1981) (describing burden of proof under earlier version of the statute). As noted, the trial court ruled in plaintiff's favor based on its determination that defendant had not met the second of those requirements; that is, defendant had not established that Rowlands paid valuable consideration for the deed he obtained from plaintiff.

On appeal, defendant appears to challenge the trial court's finding that Rowlands did not pay Runk "a valuable consideration" for the Runk-to-Rowlands deed. Accordingly, we review the record to determine whether any evidence supports that finding. It does.

Defendant's argument is premised on his contention that Rowlands paid consideration for the Runk-to-Rowlands deed, consisting of "a promissory note and cashier's check" that Rowlands executed in Runk's favor. The trial court's findings do reflect that Rowlands gave Runk a $10,000 promissory note about two weeks after he received the Runk-to-Rowlands bargain-and-sale deed, but the court explained why it did not consider that August 2004 note to be consideration for the July 2004 deed:

> "The Court concludes that the Runk-Rowlands deed was not in fact supported by consideration at the time it was executed. It is undisputed that nothing of value changed hands between Rowlands and Runk. It is true that after the deed was recorded, Rowlands gave Runk the document entitled 'Promissory Note.' However, this note was conditioned upon Rowlands receiving 'free and clear title', when Runk's interest was subject to [plaintiff's] life estate interest. This contingency never occurred."

In essence, then, the trial court found that the $10,000 promissory note was contingent consideration for something *other than* the already-executed bargain-and-sale deed: the termination of plaintiff's life estate and transfer of "free and clear title" to Rowlands. Evidence in the record supports that finding, including (1) the two-week delay between execution of the Runk-to-Rowlands deed and execution of the promissory

note, (2) the statement on the promissory note that it would come due only when Runk was able to provide "free and clear" title, presumably meaning title not subject to plaintiff's life estate, and (3) Runk's testimony that she was not offered, did not receive, and had no expectation of receiving any consideration for the Runk-to-Rowlands deed. Thus, defendant's challenge to the trial court's "no consideration" finding fails to the extent that he relies on the August 2004 promissory note as establishing the necessary consideration for the deed.

Defendant also refers on appeal to a cashier's check, suggesting that he also relies on the October promissory note and cashier's check as establishing consideration for the Runk-to-Rowlands deed. The trial court's letter opinion explains, however, that those payments were "in exchange for a quit claim deed between Runk and Missing Link." Evidence in the record supports that finding, too: the several-month delay between execution of the Runk-to-Rowlands deed and those payments; the simultaneous execution of the October 2004 promissory note, transfer of the cashier's check, and execution of the Runk-to-Missing Link quitclaim deed, suggesting that the note and check were exchanged for *that* deed, not the earlier one; and defendant's own testimony that the October note was consideration for the Runk-to-Missing Link deed.

In sum, evidence in the record supports the trial court's finding that Rowlands paid no consideration in exchange for the Runk-to-Rowlands deed. Defendant's contrary assertions present no basis for us to disturb the trial court's determination that the Runk-to-Rowlands deed did not take priority over the earlier, but then-unrecorded, Runk-to-plaintiff deed when the former deed was recorded in July 2004.[5]

---

[5] As a separate basis for quieting title in plaintiff, the trial court also ruled that defendant's claim failed on the third prong of the test established by ORS 93.640(1). That ruling was based on ORS 93.030 (2003), *amended by* Or Laws 2011, ch 212, § 23. ORS 93.030(2) (2003) provided that "instruments conveying or contracting to convey fee title to any real estate * * * shall state on the face of such instruments the true and actual consideration paid for such transfer, stated in terms of dollars." Subsection (5) of the same statute provided that no such instruments "shall be accepted for recording * * * unless the statement of consideration required by this section is included on the face of the instrument." ORS 93.030(5) (2003).

Defendant also suggests that he should have prevailed below for a different reason. He contends that the Runk-to-plaintiff deed should not have been accepted for recording because it, like the Runk-to-Rowlands deed,[6] did not recite that it was given in exchange for valuable consideration; instead, it cited "Love & Affection" as the sole consideration for the deed. *See* ORS 93.030(5) (2003) (requiring statement of consideration on certain deeds). But even if defendant were correct that the Runk-to-plaintiff deed should not have been accepted for recording in September 2004 under ORS 93.030 (2003)—an issue on which we express no opinion—defendant still would not prevail. Throughout this litigation, defendant has relied *solely* on the July 2004 recording of the Runk-to-Rowlands deed as forming the basis for his ownership of the property. As explained above, that July 2004 event did not give the Runk-to-Rowlands deed priority over the earlier Runk-to-plaintiff deed, which was a valid conveyance even though it had not yet been recorded. *See Gorzeman,* 162 Or App at 92 (under ORS 93.640(1), an unrecorded conveyance is valid as between grantor and grantee). Thus, defendant's argument fails without regard to the recording status of the Runk-to-plaintiff deed and, in fact, would have failed even if the Runk-to-plaintiff deed *never* had been recorded. Consequently, any defect associated with the eventual recording of the Runk-to-plaintiff deed does not affect the viability—or lack thereof— of defendant's claim of ownership. We reject the remainder of defendant's arguments without discussion.

Affirmed.

---

The trial court ruled that the Runk-to-Rowlands deed should not have been accepted for recording because it "did not have a statement of consideration on its face as required by *ORS 93.030(2)*." (Emphasis in original.) From that premise, the court concluded that the Runk-to-Rowlands deed "was not 'filed of record' " for purposes of ORS 93.640(1) and, therefore, could not take priority over plaintiff's deed for that additional reason. We need not address the trial court's conclusion in that respect, as we affirm the judgment for the independently adequate reason that the record supports the trial court's factual determination that Rowlands did not pay valuable consideration for the July 2004 deed.

[6] *See* 250 Or App at 284 n 5.